**Richard BAKSALARY, William Jones, Morris Tucker, and Charles Samuel, Individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Paul J. SMITH, C. John Urling, Jr., William J. Sheppard, Grace M. Sloan, the State Workmen's Insurance Fund, Pennsylvania Manufacturers' Association Insurance Company, American Mutual Liability Insurance Company, the School District of Philadelphia, Bituminous Casualty Corporation, and all other insurance carriers and/or self-insured employers similarly situated, Defendants.**

Civ. A. No. 76–429.

United States District Court,
E.D. Pennsylvania.

July 30, 1984.

As Amended Aug. 8, 1984.

Harold I. Goodman, Community Legal Services, Inc., Philadelphia, Pa., for named plaintiffs.

4 C. Wright & A. Miller, Federal Practice and Procedure § 1029, at 127–28 (West 1969) (footnotes omitted).

James John Duralia, pro se, objecting claimant seeking treatment as member of plaintiff class.

Eleanor T. Filoon, pro se, objecting plaintiff.

Leroy S. Zimmerman, Atty. Gen., Debra K. Wallet, Deputy Atty. Gen., Harrisburg, Pa., for Commonwealth Defendants Smith, Urling, Sheppard and Sloan.

Lowell A. Reed, Jr., Patricia A. Mattern, Rawle & Henderson, Philadelphia, Pa., for Bituminous Casualty Corporation.

Christopher J. Pakuris, Philadelphia, Pa., for Pennsylvania Manufacturers' Association Insurance Company.

Robert G. Hanna, Jr., Philadelphia, Pa., for American Mutual Liability Insurance Company.

Michael Churchill, Robert H. Nottall, School District of Philadelphia Legal Department, Philadelphia, Pa., for School District of Philadelphia.

William C. Steppacher, Acting Deputy Chief Counsel, State Workmen's Insurance Fund, Department of Labor and Industry, Scranton, Pa., for State Workmen's Insurance Fund.

Joseph R. Thompson, Philadelphia, Pa., for Liberty Mutual Liability Insurance Company.

Richard D. Harburg, Swartz, Campbell & Detweiler, Philadelphia, Pa., objecting on behalf of himself, his law firm, and several members of the defendant class.

Joseph S. Bekelja, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., for two dozen objecting members of the defendant class.

Steven M. Levin, Philadelphia, Pa., for Signa Insurance Company and its subsidiaries, an objecting member of the defendant class.

Thomas F. McDevitt, Philadelphia, Pa., for objecting member of defendant class Philadelphia Electric Company.

Jeffrey C. Hayes, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for objecting member of defendant class Aetna Surety and Casualty Company.

D.R. Pellegrini, City Sol., Thomas S. Giotto, Asst. City Sol., Pittsburgh, Pa., for objecting member of defendant class City of Pittsburgh.

Before ADAMS, Circuit Judge,[*] and GREEN and POLLAK, District Judges.

## OPINION

PER CURIAM.

### I. INTRODUCTION

We have previously resolved the central constitutional issues in this case. *Baksalary v. Smith*, 579 F.Supp. 218 (E.D.Pa. 1984). We now address the question of what remedy our prior holdings require or permit. The named parties to this bilateral class action have submitted for approval a proposed consent decree which undertakes to resolve all but one of the remaining remedial issues. The proposed consent decree accompanies this Opinion as an appendix. The remedial issue not dealt with by the consent decree has been submitted to the court to be determined as a litigated judgment.

For reasons developed at some length in section II hereof, we have determined that the proposed consent decree represents a fair, adequate, and reasonable resolution of the remedial questions which it addresses. The accompanying Order therefore approves it pursuant to Federal Rule of Civil Procedure 23(e). Further, for reasons elaborated in section III, the accompanying Order resolves the single remaining litigated remedial issue.

Our previous Opinion has described in detail the facts and procedural history of this litigation through February 1, 1984. *See Baksalary*, 579 F.Supp. at 219–224. In this section, we review that history briefly

---

[*] Honorable Arlin M. Adams, United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

before describing in detail the issues now before the court.

This litigation commenced in 1976. In it, plaintiffs successfully challenged the constitutionality of the automatic supersedeas provision of section 413(a) of the Pennsylvania Workmen's Compensation Act, Pa. Stat.Ann. tit. 77, § 774 (Purdon Supp. 1983).[1] This action has proceeded before a three-judge district court convened pursuant to 28 U.S.C. § 2281 (repealed). (That court initially consisted of Circuit Judge Adams and District Judges Fogel and Green. After Judge Fogel left the bench Judge Pollak replaced him on the three-judge court.) Plaintiff and defendant classes were certified pursuant to Federal Rule of Civil Procedure 23(b)(2). The plaintiffs' class includes "all persons who have been or will be receiving benefits pursuant to the Pennsylvania Workmen's Compensation Act and who have had or will have such benefits terminated, suspended, reduced or otherwise deprived without advance notice and opportunity for a prior evidentiary hearing." Order of Judge Fogel (March 27, 1978). The defendants' class includes "all insurance companies, mutual associations and employment establishments authorized to insure the payment of Pennsylvania Workmen's Compensation benefits who have acted, or will act, to terminate, suspend, reduce, or otherwise deprive benefits to previously eligible claimants without advance notice and opportunity for a prior evidentiary hearing ...." *Id.*

Discovery was extensive and took years to complete. After hearing and argument on April 7, 1983, we filed an Opinion, on February 1, 1984, which concluded

that operation of the automatic supersedeas authorized by section 413 of the Pennsylvania Workmen's Compensation Act involves conduct reasonably attributable to the state and that section 413 does not accord worker's compensation recipients due process. Thus, plaintiffs have made out a violation of 42 U.S.C. § 1983 (Supp. V 1981). Plaintiffs are entitled to entry of a judgment declaring the unconstitutionality of the automatic supersedeas provision of section 413.

*Baksalary,* 579 F.Supp. at 233.[2]

After having decided the legal and factual issues leading to a determination of liability, we found ourselves with little guidance from the parties as to the appropriate form of relief. The parties had concentrated their legal arguments on the question of the automatic supersedeas provision's constitutionality and had not given any extended treatment to the remedy which a finding of unconstitutionality would require or permit. Accordingly, we did not accompany the February 1 Opinions with a remedial Order. Instead, we ordered the parties to submit a joint proposed form of remedial order, or alternative proposed remedial orders, by February 15, 1984.

On February 14, 1984, counsel for plaintiffs informed Judge Pollak's chambers that the parties had not agreed on a joint proposed form of order, but that the court would receive several alternative remedial requests from the various named parties. On receipt of this information, the court established a schedule which permitted the parties fully to brief their respective positions on the remedy appropriate to this case.

---

1. The term "automatic supersedeas provision" has been used in this litigation to refer to the first sentence of Pa.Stat.Ann. tit. 77, § 774 (Purdon Supp.1983). That sentence provides:

 The filing of a petition to terminate or modify a notice of compensation payable or a compensation agreement or award as provided in this section shall operate as a supersedeas, and shall suspend the payment of compensation fixed in the agreement or by the award, in whole or to such extent as the facts alleged in the petition would, if proved, require only when such petition alleges that the employe

 has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the [Bureau of Workers' Compensation] to that effect which is based upon an examination made within fifteen days of the filing of the petition.

2. Judge Adams' separate Opinion, which Judges Green and Pollak joined, reached the same conclusion. 579 F.Supp. at 237.

On February 15, 1984, eight proposed forms of remedial order were filed: one by plaintiffs, one by the Commonwealth Defendants,[3] two by the State Workmen's Insurance Fund ("SWIF") and four by the School District of Philadelphia and several private insurance companies. The parties submitted initial briefs in support of their positions on March 6, 1984, and reply briefs on March 12.

Upon examination of the proposed forms of order and the briefs supporting them, we determined that several of the remedial issues in dispute did not require oral argument. On March 15, 1984, we filed a Memorandum and Order which decided these remedial questions. First, we declared that any invocations of the automatic supersedeas provision after March 15, 1984, would violate the due process clause of the Fourteenth Amendment. Order, ¶ 1 (March 14, 1984). We also expressly reserved judgment on whether any invocations of the automatic supersedeas between February 1, 1984, and March 15, 1984—if in fact any had taken place—would be subject to a later declaration of invalidity. Memorandum at 4 (March 15, 1984). We also were at pains to make clear that this litigation concerned the automatic supersedeas provision of section 413(a) of the Pennsylvania Workmen's Compensation Act, and *only* that provision. Memorandum at 4–5; *see also Baksalary*, 579 F.Supp. at 233 ("Invalidation of the automatic supersedeas provision does not call for invalidation of any other provision of the Workmen's Compensation Act ...").

The March 15 Order also considered both plaintiffs' and defendants' requests for injunctive relief. Plaintiffs desired immediate reinstatement of worker's compensation benefits and complete retroactive recovery for all members of the plaintiff class against whom a member of the defendant class had invoked the automatic supersedeas provision, and who had not received a final decision from a referee. Defendants, on the other hand, all took the position that this court should not award relief to any individual against whom the automatic supersedeas provision was invoked prior to the date of the final remedial order in this case. Certain defendants also requested that this court's injunctive relief provide a procedure alternative to the automatic supersedeas provision which would permit self-insured employers and insurers to suspend worker's compensation benefits prior to a final decision by a referee on a termination petition.

We felt that oral argument on the appropriate nature and scope of injunctive relief would be helpful. But we concluded that we did not wish to hear argument on proposals that this court frame a procedure to be substituted for the automatic supersedeas we had found invalid. We stated that we

> see no circumstances under which we would grant injunctive relief mandating adoption of a procedure of our selection to replace the automatic supersedeas provision. A federal court cannot enact state law. Further, we do not read the Workmen's Compensation Act to require adoption of any of the proposed alternative procedures.

Memorandum at 6–7 (March 15, 1984).

The March 15 Memorandum and Order left open several broad areas of possible remedy:

First, we did not resolve the dispute between plaintiffs and the Commonwealth Defendants over whether this court should grant any injunction at all covering future invocations of the automatic supersedeas provision. The Commonwealth Defendants argued that a declaration alone sufficed. We shall refer to that question as the prospective injunction question.

Second, we did not decide whether, and under what circumstances, a self-insured employer or insurer would be ordered to resume payment of benefits to members of the plaintiff class against whom the employer or insurer had invoked the automat-

---

**3.** Throughout this litigation the parties and the court have referred to defendants Paul J. Smith, C. John Urling, William J. Sheppard, Grace M. Sloan, and their successors in their official capacities, as the "Commonwealth Defendants."

ic supersedeas provision. We shall refer to this question as the resumption question.

Third, we left undetermined the question whether, and under what circumstances, a self-insured employer or insurer would be ordered to pay retroactive benefits to members of the plaintiff class against whom the employer or insurer had invoked the automatic supersedeas provision. We shall refer to this question as the back-benefits question.

Fourth, we did not address plaintiffs' request for a declaration of their entitlement to recovery of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

The March 15 Order scheduled oral argument on these four issues for March 28, 1984. That date was subsequently changed to April 3. On the morning of April 3, counsel jointly advised the court that they were finally engaged in settlement discussions and those discussions appeared likely to be fruitful. Accordingly, we assented to a continuance of the argument at least for a few hours. In mid-afternoon of April 3, counsel announced on the record tentative agreement on the substance—albeit not the wording—of a proposed consent decree which counsel believed the named parties would ratify. Accordingly, the scheduled argument was cancelled and the court, by Order filed on April 4, 1984, established a schedule for the submission of a proposed consent decree. The schedule announced on April 4 was modified by Order of April 19. On April 27, 1984, the named parties submitted a joint motion for preliminary approval of a proposed consent decree. We suggested one amendment to the proposed decree, which the parties agreed to. By Order of May 14, 1984, we preliminarily approved the proposed consent decree, as amended, and approved transmission of notice packages to members of the plaintiff and defendant classes.

The proposed consent decree purports to settle all outstanding remedial questions but one. Plaintiffs have demanded immediate reinstatement and back benefits for any member of the plaintiff class against whom a member of the defendant class

may have invoked the automatic supersedeas provision after February 1, 1984, the date of our liability Opinions in this matter. The named defendants represented that any named defendant who had invoked the automatic supersedeas between February 1 and March 15, the date of our declaratory Order, had done so inadvertently and had taken steps to reinstate the terminated employee with full back benefits. The named defendants felt, therefore, that they could not, on this issue, speak for other members of the defendant class who might have invoked the automatic supersedeas between February 1 and March 15 and who might have felt entitled to have done so. Therefore, the named defendants represented that they could take no position on plaintiffs' demands for reinstatement and back benefits on behalf of post-February 1 pre-March 15 terminees. The parties desired to submit this question to the court for a litigated judgment.

As required by Federal Rule of Civil Procedure 23(e), the named parties arranged for transmission of notice of the proposed consent decree to all known members of the plaintiff and defendant classes. These non-named class members had the opportunity to comment and object to the proposed settlement until June 13, 1984. Quite a number of both plaintiffs and defendants availed themselves of that opportunity. We also used the same procedure to provide non-named defendants an opportunity to respond to plaintiffs' claims for reinstatement and back benefits on behalf of post-February 1 pre-March 15 terminees.

This court held a hearing on June 18, 1984. At that hearing, several objectors made oral presentations in opposition to the proposed consent decree and counsel for the named parties made presentations in support of the proposed decree. In addition, several defendants made oral presentations in opposition to, and plaintiffs made a presentation in support of, the relief requested by plaintiffs for post-February 1 pre-March 15 terminees. In the course of the hearing, a substantial issue arose concerning the import of the proposed consent decree for a claimant's entitlement to re-

ceive both worker's compensation benefits and salary when the claimant has returned to work at the same or higher wage. We gave the parties until June 25 to make further submissions on that issue. They have made such further submissions. Therefore the entire case is now before the court for a decision on the fairness of the proposed consent decree and on the propriety of the relief requested by plaintiffs for post-February 1 pre-March 15 terminees.

## II. FAIRNESS OF PROPOSED CONSENT DECREE

### A. *Applicable Standards*

Federal Rule of Civil Procedure 23(e) provides that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." We have already approved the manner of notifying class members and we are satisfied that the parties have provided notice as suggested in their joint motion for preliminary approval of the proposed consent decree. Thus, we must now determine whether to approve the proposed compromise.

In considering whether approval is appropriate, we must decide whether "the proposed settlement [is] fair, adequate and reasonable." *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir.1975). In making that determination, the district court carries out a "fiduciary responsibility, as the guardian of the rights of the absentee class members . . . ." *Id.* The determination ordinarily requires that the district court make certain findings of fact. *See Girsh*, 521 F.2d at 159. Typically this involves scrutiny of a list of nine factors—albeit not an exclusive list—enunciated by the Court of Appeals for the Second Circuit in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.1974), and adopted by our Court of Appeals in *Girsh:*

(1) the complexity, expense and likely duration of the litigation . . .; (2) the reaction of the class to the settlement . . .; (3) the stage of the proceedings and the amount of discovery completed . . .; (4) the risks of establishing liability . . .; (5) the risks of establishing damages . . .; (6) the risks of maintaining the class action through the trial . . .; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery . . .; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation . . . .

521 F.2d at 157; *cf.* 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.-80[4] at pp. 23–520 to 23–521 (2d ed. 1982).

While we view ourselves as fiduciaries for the absent class members, and while we shall attempt to decide whether the proposed consent decree provides a fair, adequate, and reasonable settlement of this matter, we believe that this case presents a situation somewhat out of the ordinary. The named parties achieved a tentative settlement on the very day scheduled for oral argument on certain unresolved remedial issues. We had determined two months earlier that invocation of the automatic supersedeas provision violated the due process clause, and we had already rejected certain requested forms of relief and granted others. In effect, the court's only remaining tasks were to elaborate the remedial implications of our ruling on liability within the range of remedies laid out in our March 15 Memorandum. This is not the typical case where settlement evaluations require predictions of the probability that the tribunal would reach one or another substantive result; the central issues had been resolved.

With these thoughts in mind, we analyze, in the light of our prior rulings in this case, the terms of the proposed consent decree and the various objections to the proposed decree which have been advanced. We have considered whether the proposed consent decree is within the range of possible remedial results flowing out of our liability opinions of February 1 and our partial remedial decision of March 15. We have found no aspects of the proposed consent decree inconsistent with those rulings and

we find the proposed consent decree well within the range of reasonably expectable outcomes based upon our earlier rulings. Further, many of the objections raised to the proposed consent decree suggest relief inconsistent with our earlier rulings. We do not think that any such objection bears upon the fairness, adequacy, or reasonableness of a settlement proposed after the court has made rulings adverse to the objector's position.

We begin with a discussion of the reasons why we believe that this proposed consent decree fairly balances the risks faced by the plaintiff class and the risks faced by the defendant class in anticipating our remedial decision. We next turn to a discussion of particular objections to the proposed consent decree.

B. *Evaluation of Proposed Consent Decree as Against the Range of Possible Outcomes*

■ In our view both plaintiffs and defendants faced substantial risks in the remedial stage of this litigation. The proposed settlement replaces those risks with a proposed certainty advantageous to both sides. Thus, the proposed decree gives plaintiffs a much more favorable result than the most pro-defendant result possible under our prior rulings. At the same time, the proposed decree gives defendants a much more favorable result than the most pro-plaintiff result possible under our prior rulings. So viewed, the proposed consent decree provides a fair accommodation of the parties' extreme positions.

Although this court's Opinions of February 1, 1984, did not foreclose the possibility that our remedial decree would include injunctive relief, the single remedial provision plainly *required* by those Opinions

was a declaration of the invalidity of the challenged statute. *See Baksalary*, 579 F.Supp. at 233. We made that declaration on March 15. On March 15 we specifically adverted to the Commonwealth Defendants' argument against any relief other than a declaration of invalidity. Memorandum at 5–6 (March 15, 1984). The Commonwealth Defendants urged the court to permit the ordinary enforcement mechanisms of the Bureau of Workers' Compensation to implement any declaration of this court. That comity argument had a certain force. It certainly presented plaintiffs with a substantial risk that they would receive no relief beyond that granted on March 15.

In addition, plaintiffs faced the risk and delay of an appeal.[4] The appellate court might have overturned this court's legal pronouncement of February 1 and any aspect of the relief which we might have granted. In addition, even if, in the event, plaintiffs' position was ultimately sustained on appeal, this court, or the appellate court, might have stayed enforcement of some or all of this court's decree pending appeal—thereby postponing, for perhaps an additional year, any effective vindication of the rights of plaintiff class members. *See Baksalary*, 579 F.Supp. at 224–225.

Defendants also faced considerable risks in the remedial portion of this litigation. Defendants argued strongly for no recovery of back benefits, no resumption of benefits, and a prospective injunction dating from several weeks after the final remedial order in this case. For their insistence on purely prospective relief to have prevailed, defendants would have to have persuaded this court that our case met the three-factor nonretroactivity test set out in *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).[5]

**4.** Plaintiffs also faced the possibility that there would be not one appeal but two appeals pursued concurrently. 28 U.S.C. § 1253 provides, of course, that an appeal from a three-judge district court's grant (or denial) of an injunction goes to the Supreme Court. *See Poe v. Gerstein*, 417 U.S. 281, 94 S.Ct. 2247, 41 L.Ed.2d 70 (1974); *Oldroyd v. Kugler*, 461 F.2d 535, 539 (3d Cir.1972). But it appears that an appeal from so much of a three-judge district court's judg-

ment as grants (or denies) *declaratory* relief goes to the court of appeals. *Gerstein v. Coe*, 417 U.S. 279, 94 S.Ct. 2246, 41 L.Ed.2d 68 (1974).

**5.** It is not clear that this case presents a situation where the ordinary rule of retroactive application of constitutional decisions should not prevail. *Chevron Oil* prescribes a strict test for nonretroactive application:

Had we granted an immediate resumption of benefits, or had we granted back benefits, defendants stood to incur a substantial liability. In the event that defendants appealed and both this court and the appellate court denied a stay, defendants would have had to continue paying substantial amounts during the pendency of an appeal. Had the appeal been successful, defendants might then have found that the interim pay-outs to members of the plaintiff class were, as a practical matter, unrecoverable.

The proposed consent decree represents a fair, adequate, and reasonable compromise between the possible extreme results in this case. The proposed decree incorporates our earlier grant of declaratory relief. Consent Decree ¶ 4. In addition, it includes a full prospective injunction effective on the date of the decree's final approval. Consent Decree ¶¶ 5–6. The decree accommodates the defendants' risk of substantial retroactive liability by providing for resumption of benefits and the award of back benefits only to those whose claims have not yet been finally adjudicated by a referee and who receive favorable rulings at a "special supersedeas hearing" to be conducted within sixty days of the entry of the consent decree. Consent Decree ¶¶ 7–14.[6] A claimant would remain without benefits if a referee determined at the time of the special supersedeas hearing that the self-insured employer or insurer who had invoked the automatic supersedeas provision against him would have qualified for a non-automatic supersedeas on the evidence presented at the special hearing. Consent Decree ¶¶ 15–18; see also Pa.Stat.Ann. tit. 77, § 774 (Purdon Supp.1983) (second sentence); 34 Pa.Admin.Code §§ 131.31–131.33 (Shephard's 1982).

The proposed consent decree accommodates plaintiffs' interests in two ways. First, it provides for some resumption of benefits with back benefits after a result favorable to the claimant at the special supersedeas hearing, or, if a hearing is not held or no decision is rendered, after sixty-seven days. Consent Decree ¶ 14. Second, the plaintiffs avoid the risks entailed in an appeal from the court's liability decision by one or more of the named defendants. Consent Decree ¶¶ 3, 29.

The proposed consent decree also settles the question of attorneys' fees under section 1988 without litigation, Consent Decree ¶¶ 26–28, a result much to the benefit of all parties. Moreover, plaintiffs' counsel represented at the fairness hearing that he had consented to a cap on plaintiffs' fee award under the consent decree of $300,000 for eight years' work. The burden of paying the award is to be allocated among nine hundred defendants (pursuant to a formula which would require of most defendants only a very modest contribution).

We therefore find that the proposed consent decree represents a fair, adequate, and reasonable settlement of the remaining

---

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed .... Second, it has been stressed that "we must * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker* [381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) ].... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma* [395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969) ]....

404 U.S. at 106–107, 92 S.Ct. at 355–356; see also *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982).

Further, it is not at all clear that we would have taken the same view of nonretroactivity as did defendants in the event that we found *Chevron Oil* applicable. For example, it may be plausibly argued that, even if *Chevron Oil* applied, it would merely proscribe retroactive relief in the form of back benefits, while permitting immediate resumption of benefits to terminees who had not received final decisions from referees.

**6.** No such hearing is required if all evidence has been presented at a final hearing on the merits. Consent Decree ¶ 19.

remedial issues in this case viewed from the perspective of the range of reasonably anticipatable outcomes as of April 3, 1984.

### C. *Objections*

Reactions of both classes are factors to be considered by the court in deciding whether to approve a consent decree. The classes have manifested their reactions by the filing (or not filing) of objections to the proposed decree. As counsel for plaintiffs noted at the fairness hearing, a rather small proportion of all non-named class members filed objections to the proposed decree. While this is not dispositive, we think it deserving of some weight. That is to say, we are of the view that the non-opposition of the vast majority of class members somewhat neutralizes the generally negative tone of those who did file objections.

### 1. *Inclusion of Return to Work Cases*

The automatic supersedeas provision covers two sorts of cases. *See Baksalary*, 579 F.Supp. at 221. The first sort consists of cases in which an insurer or self-insured employer files a termination petition together with the affidavit of a physician which recites that the claimant subject to termination has fully recovered. The second sort consists of cases in which the insurer or self-insured employer avers that the claimant subject to termination has returned to work at the same or higher wage.

The declaratory relief and the injunctive relief granted by the proposed consent decree do not distinguish between physician's-affidavit and return-to-work cases.[7] Several non-named members of the defendant class have objected to the inclusion of return-to-work cases. They represent that the failure to distinguish them from physician's-affidavit cases suggests that a claimant who has returned to work at the same or higher wage has an entitlement to continue receiving both compensation and

wages until a referee can issue a final decision on a termination petition.

With the court's encouragement, counsel for the named parties and at least one of the objecting defendants, Philadelphia Electric Company, have agreed to a statement of the import of the proposed consent decree with respect to this issue. We endorse and adopt this statement:

> The Consent Decree does not entitle any claimant to receive both compensation payments and salary during discrete periods of time when that claimant has actually returned to work at wages equal to or greater than his/her pre-injury wages. The Consent Decree does however contemplate the payment of compensation for those periods during which a claimant, having previously returned to work at pre-injury or greater wages, again leaves his/her job as a result of a work-related injury. In addition, the Consent Decree contemplates that those claimants who have returned to work will be entitled to payment of all compensable medical expenses until or unless a Referee enters an Order granting a request for supersedeas of such benefits or a decision is rendered and received granting a termination.

Letter from Harold I. Goodman, Esq., to Hon. Arlin M. Adams, Hon. Clifford Scott Green, and Hon. Louis H. Pollak (filed in this action June 25, 1984).

To the extent, however, that the objecting defendants contend that the proposed decree is unfair because it enjoins invocation of the automatic supersedeas provision in return-to-work cases, their objections have no merit. The named parties arrived at their proposed consent decree on the basis of our prior rulings. Our principal February 1 Opinion expressly addressed both aspects of the automatic supersedeas provision. *Baksalary*, 579 F.Supp. at 221. Moreover, both of our February 1 Opinions

---

**7.** The proposed consent decree does make certain procedural distinctions between physician's-affidavit and return-to-work cases in the entitlement to a special supersedeas hearing. All those terminated upon a physician's affidavit who have contested their termination cases and

who have yet to receive a referee's decision will receive special supersedeas hearings. One terminated upon an assertion that he has returned to work will only receive such a hearing if he files a form with the Bureau of Workers' Compensation. Consent Decree ¶¶ 7, 8.

were grounded on the failure of the automatic supersedeas procedure to provide any notice to a terminated employee and its failure to provide any opportunity to contest termination before the termination takes effect. 579 F.Supp. at 233 and 237. This failure to provide notice applies in both the return-to-work and physician's-affidavit cases. Because this court's legal rulings have treated the two aspects of the automatic supersedeas symmetrically, the proposed consent decree quite reasonably also treats the two aspects symmetrically.

To the extent that the objecting defendants contend that the proposed consent decree is unfair because it fails to provide an alternative to the automatic supersedeas provision in return to work cases, their position is again without merit. On March 15, we held that we would not, under any circumstances, require adoption of a particular alternative procedure to the automatic supersedeas; we believed that to be the prerogative and responsibility of the Pennsylvania Legislature. Memorandum at 6–7 (March 15, 1984). Plaintiffs, therefore, had no reason to agree to an alternative procedure for return-to-work cases.

In this regard, we reiterate two of our holdings. First we do not understand the consent decree as creating any entitlement to the concurrent receipt of wages and of compensation benefits other than compensation for medical expenses. No claimant may properly receive both. Second, the procedures available for vindicating employers' and insurers' privilege not to pay both wages and compensation concurrently must be embodied in provisions of the Workmen's Compensation Act other than the automatic supersedeas provision of Section 413(a) which we are invalidating. All provisions of that Act other than the first sentence of the fourth paragraph of section 413(a), the automatic supersedeas provision, remain intact. Specifically, neither the rulings of this court nor the provisions of the proposed consent decree affect in any way the operation of sections 306(b) or 413(c) of the Act, Pa.Stat.Ann. tit. 77, §§ 512, 774.2 (Purdon Supp.1983). *Cf.* Memorandum at 4–5 (March 15, 1984). If the other provisions of the Workmen's

Compensation Act, as currently interpreted by the Pennsylvania courts, do not adequately ensure that a claimant will not wrongfully receive both compensation benefits and wages, then the Pennsylvania courts or legislature, and not this court, should address that problem. *Cf. The Sansom Committee v. Lynn,* 735 F.2d 1535 at 1540 ff. (3d Cir.1984) (Becker, J., concurring).

### 2. *Time Limit for Special Supersedeas Hearings*

Paragraph 14 of the proposed consent decree provides that all special supersedeas hearings will be conducted within sixty days of the entry of the Order approving the proposed consent decree. Further, the referee conducting these hearings must render his decision within seven days of the end of this sixty-day period. *Cf.* 34 Pa.Admin.Code §§ 131.33(b) (Shephard's 1982) (regulation concerning non-automatic supersedeas hearings). Paragraph 14 further provides that in the event that no hearing is scheduled within sixty days, or in the event that the referee does not render his decision on the special supersedeas within sixty-seven days of the entry of this court's Order, then the claimant will receive automatic resumption of future benefits. The claimant does not receive automatic resumption when the referee finds that the claimant or his counsel has caused the delay.

Several members of the defendant class have objected to paragraph 14 on the ground that the additional burden on the Bureau of Workers' Compensation will make it likely that many claimants will not receive decisions in their special supersedeas proceedings within sixty-seven days. These defendants contend that because delay beyond sixty-seven days may arise through no fault of the insurer or employer, the insurer or employer should not be obligated automatically to reinstate the claimant with full back benefits, unless the insurer or employer had caused the excessive delay.

The accommodation contemplated by the proposed consent decree seems to us fair,

adequate, and reasonable. If this matter had proceeded to a litigated judgment, defendants faced the real possibility that this court would have ordered reinstatement of all claimants contesting their termination petitions who had been terminated pending the referee's decision under the 'automatic supersedeas provision. We had previously held that the automatic supersedeas procedure did not accord plaintiffs due process. Certainly on the resumption question defendants had no clear entitlement to rely on an unconstitutional procedure, albeit invoked before this court's decision to that effect. Therefore, defendants obtained a significantly less-than-worst-case result by virtue of the proposed consent decree.

Moreover, the Commonwealth has actively participated in the settlement negotiations leading to the proposed consent decree. The Commonwealth has abandoned its position that this court ought impose no obligations upon it and has embraced the sixty-seven day rule as fair and as administratively feasible. For us to tell the Commonwealth that it could not fulfill the administrative commitment it has joined in recommending would smack of judicial impertinence.

Finally, a consent decree deferring resumption of benefits pending the outcome of the administrative hearing should quite properly have provided some outside time limit for that outcome to be reached. Without such a time limit, defendants could have had the benefits of an unconstitutional deprivation indefinitely.

For these reasons, we do not find the sixty-seven day limit in any way unfair or unreasonable.

### 3. *Attorneys' Fees*

Several members of the defendant class have objected to the allocation of plaintiffs' attorneys' fees recovery among all named and non-named defendants. The proposed consent decree would allocate the plaintiffs' attorneys' fees in the same proportion as the allocation of defendants' contributions to the Workmen's Compensation Ad-

ministration Fund for 1983. Consent Decree ¶ 27.

The objections come in two forms. Some objecting defendants challenge the liability in any form because they had no notice of this action. Their complaints of lack of notice would be appropriate if the defendant class had been certified pursuant to Federal Rule of Civil Procedure 23(b)(3). However, the class was certified pursuant to Rule 23(b)(2). The notice provisions of Rule 23(c)(2) do not apply to a Rule 23(b)(2) class. Accordingly, defendants had no option to participate or not participate and they had no entitlement to notice. *Walsh v. Great Atlantic & Pacific Tea Co., Inc.*, 726 F.2d 956, 962–963 (3d Cir.1983).

Some objecting defendants take issue with the allocation formula. They contend that the formula is completely arbitrary and, in particular, bears no relation to the use that any defendant has made of the automatic supersedeas procedure. We agree that the proposed consent decree will not allocate plaintiffs' attorneys' fees in proportion to the number of automatic supersedeas petitions filed by each defendant. Plaintiffs' counsel has represented that the allocation formula essentially assesses each defendant in proportion to its total participation in the workers' compensation program.

We do not believe that this allocation scheme makes the proposed consent decree unfair, inadequate, or unreasonable. In the first place, the $300,000 cap placed upon plaintiffs' attorneys' fees recovery makes the difference between this allocation scheme and any other reasonable allocation scheme rather small for any one of the nine hundred members of the defendant class.[8] Further, one would be hard put to establish a method for allocating plaintiffs' attorneys' fees which would appear significantly less arbitrary. The method suggested by defendants—allocation upon the basis of past use of the automatic supersedeas provision—would surely prove expensive, and might prove impossible, to

---

**8.** The objectors did not know of this cap at the time they filed their objections, as the cap only became known at the time of the fairness hearing.

effectuate. This is because the Bureau of Workers' Compensation has no computerized records of the invocations of the automatic supersedeas provision which identify the insurer or employer filing the automatic supersedeas petition.

Accordingly, we find the proposed allocation scheme a fair, adequate, and reasonable accommodation of the practicalities of assessing plaintiffs' section 1988 recovery.

### 5. *Scope of Relief to Plaintiffs*

Several plaintiffs have objected to their exclusion from relief under the proposed consent decree. These objections come in two forms. First, some objectors seek relief from a supersedeas even though they have not been subject to an invocation of the *automatic* supersedeas provision of section 413(a). Second, some objectors seek relief even though they have obtained a final referee's decision.

A consent decree which does not address the claims of those not subject to an automatic supersedeas in this case cannot, for that reason, be unfair, inadequate, or unreasonable. From its inception until now, this case has dealt only with Section 413(a). The remedial portion of this litigation has involved the named parties in an attempt to litigate, and then to compromise, the remedial implications of our February 1 and March 15 Opinions. A consent decree arising in this context which does not address what has not been litigated does not fail on that account. If it be the case that what we have decided has implications for situations other than the invocation of the automatic supersedeas, exploration of those implications must await another lawsuit.

The proposed consent decree also does not appear to us unfair, inadequate, or unreasonable because it does not provide relief to those who have had a referee's decision on the merits in their termination petition dispute. Consent Decree ¶ 7. We have made clear that this case concerns only "the right to compensation between the time an employer or insurer petitions for termination or modification and the time the referee makes a final determination." *Baksalary*, 579 F.Supp. at 221. After that time, the automatic supersedeas

has no independent force; the referee's decision on the merits of the termination petition controls. Moreover, after an individual has received a referee's decision on the merits, none of our reasoning concerning notice and an opportunity to be heard applies; the individual has received his hearing. *Cf. Cohen v. City of Philadelphia*, 736 F.2d 81 (3d Cir.1984); *Vinson v. Freeman*, Civil Action No. 81–0643 (E.D.Pa. June 29, 1984).

For the foregoing reasons, we find that the proposed consent decree, as amended by our Order of May 14, 1984, is fair, adequate, and reasonable. Therefore, the accompanying Order approves the decree pursuant to Federal Rule of Civil Procedure 23(e).

## III. LITIGATED ISSUE

As discussed above, the named parties' proposed consent decree does not resolve the question of what remedy, if any, should be awarded claimants against whom a member of the defendant class may have invoked the automatic supersedeas provision between February 1, 1984, the date of this court's liability Opinions, and March 15, 1984, the date of this court's declaratory Order. Plaintiffs have moved for mandatory relief requiring immediate resumption of post-February 1 pre-March 15 terminees' benefits together with an immediate award of back benefits to the date of the automatic supersedeas. Several members of the defendant class other than named defendants oppose such an award.

Much of the parties' discussion of this issue turns on whether the defendants who invoked the automatic supersedeas provision after February 1, 1984, had any justification for doing so. We find this analysis unhelpful. We see no reason to characterize any defendant's activity as "wrongful" or not "wrongful." Instead, we believe that we may usefully commence our discussion of the relief appropriate to post-February 1 pre-March 15 terminees with consideration of the retroactive impact of our March 15 declaration of the automatic supersedeas provision's unconstitutionality.

Our March 15 Memorandum explicitly reserved the question of our declaration's retroactivity. Ordinarily, judicial decisions operate retroactively in our system of precedent. *Solem v. Stumes,* —— U.S. ——, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984). Nevertheless, a court may limit its holdings' effect and deny retroactive relief when the court's decision meets the three criteria enunciated in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Specifically, a court will take the unusual step of denying retroactive relief when its decision was so novel as to be unpredictable, when retroactive application of the court's decision will retard the holding's purpose, and when retroactive application of the decision will produce substantial inequity. *Chevron Oil,* 404 U.S. at 106–107, 92 S.Ct. at 355–356; *see also Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982); *cf. Solem v. Stumes,* 104 S.Ct. at 1341 (different but analogous formulation in criminal context).

On February 1, 1984, we announced our constitutional conclusion that the automatic supersedeas provision of the Pennsylvania Workmen's Compensation Act did not accord procedural protections required by the due process clause. On March 15 we formally declared that provision unconstitutional. As applied to invocations of the automatic supersedeas provision between February 1 and March 15, our March 15 declaration quite clearly does not meet the stringent requirements of *Chevron Oil.* It was not a new holding; its retroactive application will not retard its purpose, and its retroactive application will not produce substantial inequity.[9]

We therefore find that the *Chevron Oil* factors do not militate in favor of the non-retroactive application of our March 15 declaration of the automatic supersedeas provision's invalidity. We find that, as of February 1, 1984, any invocation of the automatic supersedeas violated the constitutional rights of the worker's compensation claimant involved. We find that immediate resumption of benefits and an award of back benefits with interest provide the appropriate relief for this constitutional deprivation.

Any award must clearly include immediate resumption of benefits. No defendant should be entitled to continue withholding compensation on the basis of a constitutionally invalid supersedeas. Further, we believe that restitution of the compensation that should have been paid during the time of the automatic supersedeas also follows from the supersedeas' invalidity. Resumption of benefits and an award of back benefits with interest serve to put the parties in the position they would have been in but for the invalid invocation of the automatic supersedeas.

The accompanying Order, then, grants plaintiffs' petition for relief on the litigated issue and awards immediate resumption of benefits and back benefits to claimants subject to the automatic supersedeas after February 1, 1984.

### ORDER

For the reasons stated in the accompanying Opinion:

1. The consent decree filed in this action on April 27, 1984, as amended by Order of May 14, 1984, is hereby APPROVED pursuant to Federal Rule of Civil Procedure 23(e).

2. Any invocation on or after February 2, 1984, of the automatic supersedeas provision of section 413(a) of the Pennsylvania Workmen's Compensation Act, Pa.Stat. Ann. tit. 77, § 774 (Purdon Supp.1983) (first sentence), is hereby DECLARED to have deprived the compensation claimant involved of his or her property without due process of law.

3. Each named and class defendant insurance carrier and self-insured employer

---

9. On March 15 we not only reserved the question of our declaration's retroactivity to February 1, but we also reserved the question of our declaration's retroactivity to invocations of the automatic supersedeas provision before February 1, 1984. The latter, in our view, presented a much more difficult problem. However, the consent decree has obviated the need for a decision on the more difficult portion of the retroactivity issue.

is hereby directed, within thirty (30) days of the date of this Order, to reinstate and resume the payment of all worker's compensation benefits to each member of the plaintiff class who: (a) has had his or her benefits terminated under the automatic supersedeas provision of section 413 on or after February 2, 1984, and (b) has not yet received a decision from a referee on the merits of the underlying termination petition.

4. The payments to be made under paragraph 3 shall include:

(a) all previously withheld compensation retroactive to the date of termination, provided, however, that no payments are required for any period(s) during which claimants are shown to have actually returned to work at wages equal to or greater than the wages they earned at the time of their compensable injury;

(b) statutory interest of 10% on all unpaid compensation as provided by section 406.1 of the Workmen's Compensation Act, Pa.Stat.Ann. tit. 77, § 717.1 (Purdon Supp. 1983);

(c) resumed compensation payments, to be paid pending a decision by a referee on the merits of the termination petition, based on the weekly rate in effect at the time of termination; and

(d) the payment of all previously incurred medical expenses and medical expenses incurred prior to a decision by a referee on the merits of the termination petition, such payments to be made regardless of whether the claimant has returned to work.

## APPENDIX

## CONSENT DECREE

### I. INTRODUCTION

This lawsuit was commenced by plaintiffs on February 13, 1976. It challenged the constitutionality of the automatic supersedeas provision of section 413(a) of The Pennsylvania Workmen's Compensation Act, Pa.Stat.Ann. tit. 77, § 774.[1] Suit was brought under Section 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and alleged violations of the Due Process clause of the Fourteenth Amendment of the United States Constitution. A statutory three-judge federal district court was convened pursuant to 28 U.S.C. § 2281 to hear and determine the merits of plaintiffs' claims.[2]

The complaint was filed by six named plaintiffs whose workers' compensation benefits had been terminated under section 413(a)'s automatic supersedeas procedure.[3] Named as defendants were four state officials, including two who are responsible for administering The Pennsylvania Workmen's Compensation Act,[4] as well as three insurance carriers,[5] one self-insured em-

---

1. The automatic supersedeas procedure challenged by plaintiffs is set forth in the first sentence of the fourth paragraph of section 413(a). That sentence provides:

 The filing of a petition to terminate or modify a notice of compensation payable or a compensation agreement or award as provided in this section shall operate as a supersedeas, and shall suspend the payment of compensation fixed in the agreement or by the award, in whole or to such extent as the facts alleged in the petition would, if proved, require only when such petition alleges that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of the filing of the petition.

2. The members of the court included the Honorable Arlin M. Adams, Circuit Court Judge of the United States Court of Appeals for the Third Circuit, the Honorable Herbert A. Fogel and the Honorable Clifford Scott Green, District Judges of the United States District Court for the Eastern District of Pennsylvania. In 1978 the Honorable Louis H. Pollak was assigned the case to replace Judge Fogel who had left the bench.

3. Two of the named plaintiffs were subsequently dismissed from the case by stipulation of the parties.

4. I.e., the Secretary of Labor and Industry, and the Director of the Bureau of Workers' Compensation.

5. Pennsylvania Manufacturers' Association Insurance Company ("PMA"), American Mutual Liability Insurance Company ("American Mutual") and Bituminous Casualty Corporation ("Bituminous").

ployer,[6] and the statutorily created State Workmen's Insurance Fund ("SWIF")— each of which had terminated workers' compensation benefits under the automatic supersedeas procedure of section 413(a).[7]

On March 28, 1978 the court entered an order under Rule 23(b)(2) of the Federal Rules of Civil Procedure permitting the action to proceed as both a plaintiffs' and defendants' class action. On the plaintiffs' side, the class was defined to include all persons whose benefits had been, or would be terminated, under section 413(a)'s automatic supersedeas procedure. On the defendants' side, the class was defined to include all insurance carriers and self-insured employers who had invoked, or would in the future invoke, the automatic supersedeas procedure of section 413(a).

Following a lengthy period of pre-trial discovery, the parties submitted the case to the court through a comprehensive Stipulation of Facts and accompanying exhibits. These submissions were followed by briefs and oral argument in which counsel for the parties advocated the merits of their respective positions.

On February 1, 1984 the court, after considering the parties' contentions, ruled that the automatic supersedeas procedure of section 413(a) was unconstitutional and its use a violation of 42 U.S.C. § 1983 in that it permitted insurance companies and self-insured employers to terminate a claimant's worker's compensation benefits without prior notice or an opportunity to be heard in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[8]

At the direction of the court, the named parties, through their counsel, submitted proposed forms of orders on February 15, 1984 addressed to the remedial issues left to be resolved by the court's opinion, without prejudice to the defendants' right to appeal the decision on the merits. While differing on whether and to what extent injunctive relief was available to remedy the constitutional violations found by the court, all of the forms of relief presented by the parties to implement the holding of the Court in its liability opinion necessarily provided for a declaratory judgment. On March 15, 1984, the court entered an order, binding on all class members, declaring section 413(a)'s automatic supersedeas procedure to be unconstitutional.[9] It also scheduled oral argument on the remaining remedial issues.

Oral argument was initially scheduled for March 28, 1984, but was rescheduled for April 3, 1984. Prior to that date, the named parties, through their counsel, had commenced and engaged in extensive discussions with regard to an amicable settlement of all claims for relief raised by the litigation. By the afternoon of April 3, 1984, counsel had reached an agreement in principle on the outstanding remedial issues, and so advised the court. As a result, oral argument was not held, and counsel for the parties proceeded to draft this

6. The School District of Philadelphia.

7. Subsequent to the filing of the complaint, an additional insurance company, Liberty Mutual Insurance Company, moved to intervene in the case as a named defendant. Its motion was granted by Judge Fogel on April 3, 1978.

8. The court's memorandum opinion was written by Judge Pollak and was joined by Judges Adams and Green. Judge Adams wrote a separate concurring opinion in which he addressed the due process deficiencies of the automatic supersedeas procedure. Both Judges Green and Pollak joined in Judge Adams' concurrence. A copy of the thirty-nine (39) page opinion of Judge Pollak and the ten (10) page concurring opinion of Judge Adams, as well as any other documents filed in the case, are available for inspection and/or purchase from the Clerk of Court at the following address:

Michael E. Kunz
Clerk of the United States District Court for the Eastern District of Pennsylvania
Room 2609 United States Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

All inquiries to the Clerk should reference the caption of the case: *Baksalary, et al. v. Smith, et al.,* C.A. No. 76–429.

9. The March 15, 1984 order also denied several named defendants' proposals to have the court order the Commonwealth to adopt a procedural alternative to the automatic supersedeas procedure struck down by the court's February 1, 1984 opinion.

proposed Consent Decree, (hereafter "Decree") the provisions of which are intended to bind each member of the plaintiff and defendant classes.

## II. SCOPE OF DECREE

1. This Decree settles finally and in full all class claims for relief which were, or could have been, raised by plaintiffs in this litigation, except to the extent set forth in paragraph 3 *infra*. The Decree's terms and provisions are intended to bind each named and class plaintiff and defendant, their agents, employees, heirs and successors. The entry of the Decree is intended as a compromise by the parties to avoid the burden and expense of further litigation. For that reason, this Decree has been entered into with the understanding that the terms and conditions hereof shall not be construed as a present or part admission of liability, or the violation of any law. Each named and class member of the plaintiff and defendant class hereby consents to the entry of this judgment as a final order with respect to all of the issues which were or could have been raised in this litigation.

2. It is specifically understood by and among the parties that the Decree (as distinct from the various opinions of the court in this matter) shall not have any precedential impact in any litigation save this one.

3. This Decree does *not* resolve the remedial claims of those members of the plaintiff class whose workers' compensation benefits have been terminated under the automatic supersedeas procedure of section 413(a) as a result of termination petitions filed by any member of the defendant class after February 1, 1984. The claims for relief for this sub-group of plaintiffs have been severed and specifically reserved for a litigated judgment by the court. Because the named and intervening insurance carrier (including S.W.I.F.) and self-insured defendants have either not invoked the automatic supersedeas provision of the Act since February 1, 1984, or have reinstated benefits so terminated, said named defendants will not be representing the remaining sub-group of the defendants' class as to this unsettled issue. The sub-group of the defendants' class will receive

special notice of this issue as part of Exhibit "J" attached hereto.

## III. DECLARATORY JUDGMENT

4. The court's order of March 15, 1984 declared the automatic supersedeas provision of the first sentence of the fourth paragraph of section 413(a) of The Pennsylvania Workmen's Compensation Act, as codified at Pa.Stat.Ann. tit. 77, § 774 (Purdon Supp.1982), to be an unconstitutional deprivation of plaintiffs' property in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. That declaratory judgment is set forth in full below:

> The automatic supersedeas provision of the Pennsylvania Workmen's Compensation Act authorizes a procedure which violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. Any invocation by any defendant of the automatic supersedeas provision after this date in order to terminate an individual's worker's compensation benefits without prior notice or a pretermination opportunity to be heard is hereby DECLARED to be a deprivation of that individual's property without due process of law.

March 15, 1984 Order, at ¶ 1(b).

## IV. PROSPECTIVE INJUNCTION

5. *Each* named and class defendant insurance carrier and self-insured employer is hereby ENJOINED now and in the future from invoking in any way the automatic supersedeas provision of section 413(a) of The Pennsylvania Workmen's Compensation Act to terminate the payment of workers' compensation benefits.

6. The Pennsylvania Bureau of Workers' Compensation (hereinafter, "Bureau") shall review each Petition For Termination, Suspension or Modification of Compensation (Form LIBC–40) submitted to it for filing by any named or class insurance carrier or self-insured employer to determine whether the petition has attempted to invoke the automatic supersedeas provisions of Section 413(a) of The Pennsylvania

Workmen's Compensation Act. If, on the face of Form LIBC–40, the petitioner has invoked the unconstitutional automatic supersedeas provision, the Bureau shall send a letter to the insurance carrier or self-insured employer notifying it that the automatic supersedeas provision of Section 413(a) has been declared unconstitutional, that it must continue to pay all compensation benefits, and that termination of benefits may subject it to any and all penalties provided in The Pennsylvania Workmen's Compensation Act.

## V. INJUNCTIVE RELIEF FOR MEMBERS OF THE PLAINTIFF CLASS WHOSE BENEFITS WERE TERMINATED UNDER THE AUTOMATIC SUPERSEDEAS PROCEDURE AS A RESULT OF TERMINATION PETITIONS FILED ON OR BEFORE FEBRUARY 1, 1984

7. Subject to paragraphs 8 and 19, Special Supersedeas Hearings shall be scheduled by the Bureau for *each* member of the plaintiff class whose benefits have been terminated under the automatic supersedeas provision of section 413(a) as a result of a termination petition filed with the Bureau on or before February 1, 1984 and on which there has not yet been rendered a decision on the merits by a referee.

8. No Special Supersedeas hearing is required to be held for any claimant for whom an insurance carrier or self-insured employer has alleged in such petition that the claimant has returned to work at earnings equal to or greater than the claimant's pre-injury earnings *unless* within thirty (30) days after the date of the notice of the proposed class action settlement any such claimant returns to the Bureau, a form attached hereto and marked Exhibit "A", which shall be provided to the claimant by the Bureau indicating that either (a) the claimant has not continuously received wages equal to or greater than his pre-injury wages from the date the petition was filed to present; or (b) there are compensable medical expenses remaining unpaid to the provider which have not been paid by the insurance carrier or self-insured employer. A claimant may subsequently submit such a form (Exhibit "A"), or raise the issue referred to in this paragraph at the next scheduled Referee's hearing, and in either event a Special Supersedeas Hearing shall be scheduled, but all relevant time frames for the scheduling of hearings subject to this paragraph and prospective resumption of benefits as set forth in paragraphs 9 and 14, shall commence to run from the date the form (Exhibit "A") is received by the Bureau or the issue is first raised before the Referee.

9. The Bureau shall schedule the Special Supersedeas Hearings to occur within sixty (60) days of the date of the court's final order approving this Decree.

10. In order to identify the members of the plaintiff class entitled to receive a Special Supersedeas Hearing as provided by paragraph 7 *supra*, the Bureau and each named and class member of the defendant class shall have the following responsibilities:

(a) The Bureau shall, within thirty (30) days of the court's order tentatively approving this Decree, conduct a review of all its pertinent files and records and develop a list of all plaintiff class members who may be entitled according thereto to a Special Supersedeas Hearing under the terms of paragraph 7, *supra*. A copy of the list so generated shall be promptly forwarded to plaintiffs' counsel. The list shall contain, at a minimum, the name, address and social security number of the claimant, the identity of the insurance carrier or self-insured employer which filed the termination petition, the rate of weekly (or other) compensation benefits, the date the termination petition was filed and an indication as to whether there was attached to the petition a physician's affidavit of recovery or whether the petition contained an allegation that the claimant returned to work at wages equal to or in excess of the pre-injury wage.

(b) Each named and class defendant insurance carrier and self-insured employer shall conduct a review of all its pertinent files and records and, within thirty (30) days of the date of the notice of the pro-

posed class action settlement, complete forms identifying each claimant who may be entitled to a Special Supersedeas Hearing under paragraph 7 *supra*. The forms so prepared shall be in the form attached hereto and marked Exhibit "B". A copy of the forms so prepared shall be forwarded by each insurance carrier and self-insured employer to the Bureau and to plaintiffs' counsel no later than thirty (30) days after the date of the notice of the proposed class action settlement.

(c) Any member of the plaintiff class identified by an insurance carrier or self-insured employer on a form it prepares in compliance with paragraph 10(b), but not identified by the Bureau on the list it prepares in compliance with paragraph 10(a), shall be entitled to receive all of the benefits conferred by the Decree.

11. The Special Supersedeas Hearings referred to in paragraph 9 *supra* shall be conducted in accordance with the provisions of the Special Rules of Administrative Practice and Procedure Before Referees set forth at 34 Pa.Code §§ 131.31–131.-33 (hereafter, "Rules").

12. The Bureau shall provide written notice of the Special Supersedeas Hearings referred to in paragraph 9 *supra* to each member of the plaintiff and defendant class entitled to participate in such a hearing. The content of that notice shall be in the form attached hereto and marked Exhibit "C".

13. The Bureau shall notify in writing all other claimants subject to a termination petition filed on or before February 1, 1984, and on which there has not yet been rendered a referee's decision on the merits, that they have the right to request a supersedeas hearing if they contend in writing that their benefits were terminated under the automatic supersedeas procedure of section 413(a). The content of that notice shall be in the form attached hereto and marked Exhibit "D". Any such claimant shall thereafter be provided with a Special Supersedeas Hearing on the same terms and conditions as provided all other plaintiff class members under section V of the Decree.

14. If no decision has been rendered by the referee assigned the Special Supersedeas Hearing by the seventh day following the expiration of the prescribed sixty (60) day period, then the payment of compensation benefits shall be resumed only prospectively commencing the day following the expiration of the foregoing sixty-seven (67) day period, by the insurance carrier or self-insured employer which filed the termination petition; provided, however, that the payment of benefits need not be resumed prospectively if the referee finds in writing within the aforesaid sixty-seven (67) day period that the delay in conducting the Special Supersedeas Hearing or rendering a decision thereon was attributable to acts or omissions of the claimant or claimant's counsel of record; provided further, that at any time after the automatic resumption of benefits pursuant to the expiration of the aforementioned sixty-seven (67) day period, the Referee may order a temporary suspension of benefits when a Referee finds a delay either in rendering a decision on the merits or holding the Special Supersedeas Hearing is attributable to the acts or omissions of claimant or claimant's counsel of record; provided further, that no legal actions of any nature shall be instituted against the Commonwealth of Pennsylvania, its officials and employees, by any named or class party hereto, and no sanctions imposed against the Commonwealth, its officials and employees, in the event that any of the Special Supersedeas Hearings are not held within the prescribed sixty (60) day period; and provided further that the Commonwealth, its officials and employees, do not waive any defense or immunity under law.

## VI. PROVISIONS COMMON TO ALL SPECIAL SUPERSEDEAS HEARINGS

15. In ruling on the supersedeas issue, the referee shall decide, in accordance with the applicable Rules:

(a) whether the claimant is entitled to any immediate payment of benefits of any nature; and

(b) the period or periods during which the claimant is so entitled, whether retrospectively or prospectively, or both, including dates or weeks of entitlement during any such period or periods.

16. The decision of the referee on the supersedeas issue shall not be appealable as provided in the fourth paragraph of Section 413(a) of the Act. 77 P.S. § 774.

17. Statutory interest as provided by section 406.1 of The Pennsylvania Workmen's Compensation Act, Pa.Stat.Ann. tit. 77, § 717.1 (Purdon Supp. 1982) shall be paid to all members of the plaintiff class determined by a referee to be entitled to receive a retroactive award of compensation.

18. For purposes of any Special Supersedeas Hearing required to be held under the terms of this Decree, the referee presently assigned the pending termination petition shall schedule and conduct the supersedeas hearing and render a decision on the supersedeas, except when temporary transfers are necessary to accommodate the illness or other unavailability of a referee or a disproportionately heavy caseload.

19. In all pending pre-February 2, 1984 automatic supersedeas cases in which the evidentiary record has been closed, a Special Supersedeas Hearing is not required to be held, provided however, that if a decision on the merits of the termination petition has not been rendered within seven (7) days following the expiration of the sixty (60) day period after the court's final approval of the Decree, the payment of benefits shall be resumed only prospectively by the insurance carrier or self-insured employer which filed the termination petition in which an automatic supersedeas was taken; provided, further, that the payment of benefits need not be resumed prospectively if the referee finds in writing within the aforesaid sixty-seven (67) day period that the delay in rendering a decision on the merits was attributable to acts or omissions of the claimant or claimant's counsel of record; provided further that at any time after the automatic resumption of benefits pursuant to the expiration of the aforementioned sixty-seven (67) day period, the Referee may order a temporary suspension of benefits where a Referee finds a delay in rendering a decision on the merits is attributable to acts or omissions of the claimant or claimant's counsel; and provided, further, that no legal actions of any nature shall be instituted against the Commonwealth of Pennsylvania, its officials and employees, by any named or class party hereto, and no sanctions imposed against the Commonwealth, its officials and employees, in the event that a Referee has not issued a final decision in any closed case subject to this paragraph within the prescribed sixty (60) day period; provided further that the Commonwealth, its officials and employees, do not waive any defense or immunity under law. The Bureau shall direct all referees that issuing a final decision on the merits in closed cases subject to this paragraph has priority over issuing decisions in all other cases, except decisions on supersedeas issues.

VII. IDENTIFICATION OF PLAINTIFF CLASS MEMBERS WHOSE BENEFITS WERE TERMINATED UNDER THE AUTOMATIC SUPERSEDEAS PROVISIONS OF SECTION 413(a) AS A RESULT OF PETITIONS FILED AFTER FEBRUARY 1, 1984

20. Within thirty (30) days following the notice of the proposed class action settlement, each named and class defendant, insurance carrier, and self-insured employer that has terminated the workers' compensation benefits of an individual under the automatic supersedeas provision of section 413(a) as a result of a termination petition filed with the Bureau after February 1, 1984 based upon a medical affidavit or an allegation of return to work shall conduct a review of all its pertinent files and records and shall prepare a form for all such claimants so terminated. The form shall be in the form attached hereto and marked Exhibit "E". Copies of each such form shall be transmitted to the Bureau and plaintiffs' counsel within thirty (30) days of the date of the notice of the proposed class action settlement and shall be updated periodical-

ly to reflect any additional automatic supersedeas invoked following the date the forms are submitted until the date of the order terminating the court's jurisdiction.

21. Within thirty (30) days following the court's tentative approval of the Decree, the Bureau shall conduct a review of all its pertinent files and records and shall prepare a list of all plaintiff class members whose benefits were terminated under the automatic supersedeas provisions of section 413(a) as a result of termination petitions filed on or after February 2, 1984. A copy of the list so developed shall be promptly transmitted to plaintiffs' counsel. The list shall contain, at a minimum, the name, address and social security number of the claimant, the identity of the insurance carrier or self-insured employer that filed the termination petition, the rate of weekly (or other) compensation benefits, the date the termination petition was filed, and an indication as to whether there was attached to the petition a physician's affidavit of recovery or whether the petition contained an allegation that the claimant returned to work at pre-injury or greater wages.

## VIII. REPORTING REQUIREMENTS

22. At the same time the Bureau transmits to the parties and counsel of record in the pending proceedings before the referee copies of the Special Supersedeas Hearing notices, it shall forward a copy of each such notice to counsel for plaintiffs herein.

23. At the same time the Bureau transmits to the parties and counsel of record in the pending proceedings before the referee the supersedeas decisions required by this Decree, it shall forward a copy of each such decision to counsel for plaintiffs herein.

24. Within thirty (30) days of the date of circulation of each supersedeas decision required by this Decree, each named and class defendant insurance carrier and self-insured employer shall file with the Bureau and transmit to plaintiffs' counsel a certificate verifying its compliance with the referee's supersedeas decision. The certificate

so required shall be in the form attached hereto and marked Exhibit "F".

25. Within thirty (30) days of the date required to resume the payment of benefits for the failure of a referee to issue a timely supersedeas decision required by this Decree, each named and class defendant insurance carrier and self-insured employer shall file with the Bureau and transmit to plaintiffs' counsel a certificate verifying that the payment of benefits has been resumed. The certificate so required shall be in the form attached herto and marked Exhibit "G".

## IX. ATTORNEYS' FEES AND COSTS

26. Plaintiffs' counsel is entitled to a reasonable award of attorneys' fees and costs for all services and costs reasonably and necessarily incurred in the prosecution of this litigation in accordance with the provisions of the Attorneys Fees Awards Act of 1976, 42 U.S.C. § 1988, *as amended.* Counsel for plaintiffs shall prepare a schedule of fees and costs so incurred, in accordance with the lodestar method of calculation, and without multipliers, and shall submit the schedule to a committee of counsel selected by named defendants. It is the intent of the parties to amicably negotiate reasonable fees and costs for plaintiffs' counsel, and only if agreement is not achieved shall resort to the court be invoked.

27. The fees and costs awarded to plaintiffs' counsel under paragraph 26 of the Decree shall be paid proportionately by *each* named and class insurance carrier and self-insured employer member of the defendant class including S.W.I.F. The liability so incurred shall be paid by each such named defendant and defendant class member in accordance with the method and in the exact proportion used by the Bureau in its assessment for the Workmen's Compensation Administration Fund in the year 1983. The Bureau shall send a written Notice of Assessment to all members of the defendant class promptly after the court's approval of the fees and costs advising them of their individual liabilities

under section IX of the Decree. The named and intervening defendants shall be obligated to pay their individual share of plaintiffs' fees and costs within thirty (30) days of the court's final approval of the plaintiffs' fees and costs. All other insurance carriers and self-insured employers shall be obligated to pay their individual share of the plaintiffs' counsel fees and costs by check or draft made payable to Community Legal Services, Inc. within thirty (30) days of the date of the Bureau's Notice of Assessment, said payment to be transmitted to the Bureau which, in turn, shall transmit the payments so received directly to plaintiffs' counsel no later than fifteen (15) days thereafter.

28. The plaintiffs' fees and costs agreed to or awarded by the court under this section of the Decree shall not include services incurred or costs associated with any future enforcement or contempt activity necessitated on plaintiffs' behalf as a result of any violations of this Decree by any named or class defendant. Nor shall the plaintiffs' fees and costs agreed to or awarded by the court under this section include any sums incurred with respect to any appeals filed from the court's approval of the Decree, or with respect to the litigation associated with the severed claims to remedial relief requested by plaintiffs under paragraph 3 of the Decree.

## X. MISCELLANEOUS PROVISIONS

29. No named party or its counsel shall in any way solicit or otherwise encourage objection to this Decree on the part of any class member or any other person.

30. If after notice and hearing, the Decree agreed upon by the parties is disapproved by the court, all parties shall retain their right to exercise their usual rights of appeal.

31. Except as a self-insured employer in meeting its obligations, if any, under the assessment provisions of Section 443(b) of The Workmen's Compensation Act, the Commonwealth of Pennsylvania shall not make any payments or reimbursements from general revenues to the Workmen's Compensation Supersedeas Fund.

## XI. NOTICES

32. Notice of the court's tentative approval of the Decree, a copy of the Decree and a summary of the Decree's provisions shall be transmitted through the Bureau to each named and class defendant insurance carrier and self-insured employer, as well as to each member of the plaintiff class whose worker's compensation benefits have been or may have been terminated under the automatic supersedeas procedure of section 413(a) and for whom there has not yet been rendered a decision by a referee on the merits of the termination petition. These notice packages shall advise the members of the plaintiff and defendant classes of their right to file timely written objections to the Consent Decree and to be heard at a "fairness hearing" to be conducted by the court in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. The notice to the members of the plaintiff class shall be in the form attached hereto and marked Exhibit "H". The notice to the members of the defendant class shall be in the form attached hereto and marked Exhibit "J".

33. Any costs incident to providing notices to the plaintiff and defendant classes shall be paid by each named defendant and defendant class member in accordance with the method specified for allocation of plaintiffs' fees and costs described in paragraph 27.

## XII. RETENTION OF JURISDICTION

34. The court shall retain continuing jurisdiction over this action in order to insure compliance by all parties with the terms and provisions of the Consent Decree. That jurisdiction shall terminate, either upon the court's own motion, or upon motion of any party, at such time as the court concludes that the rights and remedies accorded by the Decree have been satisfied.

/s/ Harold I. Goodman
HAROLD I. GOODMAN
Counsel for Class Plaintiffs

**1300**

Community Legal Services, Inc.
Sylvania House
Juniper and Locust Streets
Philadelphia, Pennsylvania 19107
LeRoy S. Zimmerman
Attorney General
By: Debra K. Wallet
DEBRA K. WALLET
Deputy Attorney General
/s/ Lowell A. Reed, Jr.
LOWELL A. REED, JR.
PATRICIA A. MATTERN
Counsel for Bituminous Casualty Corp.
Rawle & Henderson
211 South Broad Street, 15th Fl.
Philadelphia, Pennsylvania 19107
/s/ Christopher J. Pakuris
CHRISTOPHER J. PAKURIS
Counsel for Pennsylvania Manufac-
turers' Association Insurance Co.
925 Chestnut Street
Philadelphia, Pennsylvania 19107
/s/ Robert G. Hanna, Jr.
ROBERT G. HANNA, JR.
Counsel for American Mutual Liability
Insurance Company
1515 Locust Street, 10th Floor
Philadelphia, Pennsylvania 19102
/s/ Robert H. Nottall
MICHAEL CHURCHHILL
ROBERT H. NOTTALL
Counsel for School District of
Philadelphia
School District of Philadelphia
Legal Department, Room 605B
21st and the Parkway
Philadelphia, Pennsylvania 19103
/s/ William C. Steppacher
WILLIAM C. STEPPACHER
Acting Deputy Chief Counsel
State Workmen's Insurance Fund
Department of Labor and Industry
100 Lackawanna Avenue
Scranton, Pennsylvania 18503
/s/ Joseph R. Thompson
JOSEPH R. THOMPSON
Counsel for Liberty Mutual Liability
Insurance Company
410 Public Ledger Building
6th and Chestnut Streets
Philadelphia, Pennsylvania 19106

EXHIBIT A

(Bureau Letterhead)

_____
Claimant

_____
Date

_____
Address

Dear _____:

The Clerk for the United States District Court for the Eastern District of Pennsylvania recently sent you a package of materials advising you that you may be affected by the proposed consent decree in *Baksalary, et al. v. Smith, et al.,* (C.A. No. 76–429). That case dealt with the suspension of benefits by an employer/insurer pending a final hearing on the merits of the case.

The purpose of this notice is to determine whether you qualify for a Special Supersedeas Hearing under the terms of the proposed Baksalary Consent Decree.

The records of the Pennsylvania Bureau of Workers' Compensation indicate that the hearings in your case have not been closed and that your workers' compensation benefits *may* have been stopped because your employer alleged that you returned to work at wages equal to or greater than your average weekly wage before you were injured. Therefore, we are asking that you answer the two questions on the attached Return-To-Work Questionnaire so that we may determine if our records are correct.

Please return this questionnaire to the Bureau of Workers' Compensation, at the address listed above, within thirty (30) days. Your right to a Special Supersedeas Hearing will depend upon the answers to these questions. If you do not return this form within thirty days of the date of this notice, you may still raise the issue of your entitlement to a Special Supersedeas Hearing at the next regularly scheduled Referee's hearing.

If you have an attorney, you may want to consult with him or her before returning this questionnaire. If you do not have an attorney, you may call my project repre-

sentative, Mr. Greg Eader, at 1–800–482–2383 to ask any question which you may have.

Very truly yours,
Jan C. Smith
Director

## RETURN–TO WORK QUESTIONNAIRE

Claimant

_____

Social Security Number

_____

Address

**PLEASE CHECK THE APPROPRIATE BOX:**

1) Since your employer filed a Petition For Termination, Suspension or Modification of Compensation (Form LIBC–40), have you been continuously receiving wages equal to or greater than the average weekly wage you received before you were injured?

Yes____
No____

2) Are there any medical expenses related to your work injury which have not been paid to the health care provider?

Yes____
No____

**PLEASE READ CAREFULLY AND SIGN THIS STATEMENT:**

I have read the two questions above and I have checked the box which accurately describes my situation. To the best of my knowledge, information, and belief these answers are true.

_____

SIGNATURE
(DO NOT PRINT)

_____

Date

## EXHIBIT B

IDENTIFICATION OF CLAIMANTS SUBJECT TO AN AUTOMATIC SUPERSEDEAS BEFORE FEBRUARY 2, 1984 AND FOR WHOM A REFEREE'S DECISION ON THE MERITS OF THE TERMINATION PETITION HAS NOT YET BEEN RENDERED

(TO BE COMPLETED BY EACH INDIVIDUAL INSURANCE CARRIER AND SELF–INSURED EMPLOYER WITHIN THIRTY (30) DAYS AFTER THE NOTICE OF THE PROPOSED CLASS ACTION SETTLEMENT)

A separate form is to be completed for each claimant, according to your records, against whom your company took an automatic supersedeas of benefits prior to February 2, 1984 and for whom a referee's decision on the merits of the termination petition has not yet been rendered.

SELF-INSURED OR INSURANCE CARRIER NAME _____

SELF-INSURED OR INSURANCE CARRIER ADDRESS _____

NAME OF CLAIMANT: _____ If claimant is represented by counsel:

ADDRESS OF CLAIMANT: _____

_____

COUNSEL'S NAME (If Known)

_____

COUNSEL'S ADDRESS (If Known)

S.S. NO. OF CLAIMANT _____

DATE TERMINATION PETITION FILED _____

PHYSICIAN'S AFFIDAVIT OF RECOVERY ATTACHED? Yes____ No____

ALLEGATION OF RETURN TO WORK AT PRE-INJURY OR GREATER WAGES?

Yes____ No____

OTHER (Give Details) _____

WERE BENEFITS TERMINATED? Yes____ No____

DATE TO WHICH WEEKLY BENEFITS WERE PAID? _____

WEEKLY COMPENSATION RATE $_____

I HEREBY CERTIFY, BASED UPON OUR REVIEW OF ALL INFORMATION AVAILABLE THIS DATE, THAT THE FACTS AND FIGURES SET FORTH IN THIS REPORT ARE TRUE AND CORRECT.

DATE _____

_____

SIGNATURE

_____

TITLE

1302

IMPORTANT:
1. EACH AFFECTED CLAIMANT MUST BE IDENTIFIED.
2. PLEASE MAKE ENOUGH COPIES OF THIS BLANK FORM AS IS NECESSARY TO IDENTIFY ALL AFFECTED CLAIMANTS.
3. COPIES OF THESE FORMS MUST BE FILED WITHIN THIRTY (30) DAYS OF ___MAY 24, 1984___ (NOTICE OF PROPOSED CLASS ACTION SETTLEMENT) TO:
 A. Jan Smith, Director
 Bureau of Workers' Compensation
 3607 Derry Street
 Harrisburg, Pennsylvania 17111
 B. Harold I. Goodman, Esquire
 Community Legal Services, Inc.
 Sylvania House
 Juniper and Locust Streets
 Philadelphia, Pennsylvania 19107

---

EXHIBIT C

## NOTICE OF SPECIAL SUPERSEDEAS HEARING

NOTICE OF SPECIAL SUPERSEDEAS HEARING

| | |
|---|---|
| NAME | (Date of This Notice) |
| ADDRESS | S.S. No. |
| vs. | |
| NAME | Referee |
| ADDRESS | Office Address |

### NOTICE TO ALL PARTIES

1. · Pursuant to a Consent Decree and Order of the United States District Court for the Eastern District of Pennsylvania in *Baksalary, et al. v. Smith, et al.*, C.A. No. 76–429, a Special Supersedeas Hearing has been scheduled in your case at the following date, time and place.

DATE: _____

TIME: _____.m.

PLACE: _____

_____

_____

The referee who will conduct the hearing and decide whether to grant or deny a supersedeas of benefits is:

NAME OF REFEREE: _____

2. If you have an attorney, contact him or her as soon as you receive this notice.

3. The purpose of the supersedeas hearing is to determine whether the claimant's compensation benefits should be resumed, and any previously withheld benefits reinstated in whole or in part with interest as allowed by law.

4. The burden of proving that a supersedeas should be granted, and therefore interim benefits would continue to be withheld, is on the insurance carrier or self-insured employer.

5. All parties to the supersedeas hearing shall have the right to submit, and the Referee may consider, any of the following:

(a) Testimony of any party or witness.

(b) The report of any physician.

(c) The records of any physician, hospital, clinic or similar entity.

(d) The written statements or reports of any other person expected to be called by any party at the hearing of the case.

(e) The report of any organizational or governmental body or agency stating the right of the claimant to receive, be denied, have increased or decreased, and the amount of, any benefits being paid or payable to claimant.

(f) Any other materials relevant to the request for supersedeas.

6. *If the claimant fails to appear at the scheduled hearing, without having requested and received a continuance from*

*the referee, the matter will be disposed of in the claimant's absence, and the claimant may forfeit the right to receive past and future interim compensation benefits in this case until a final decision is rendered.*

7. If it is necessary to subpoena any witness, you must make immediate application for a subpoena at the office of the Referee.

8. The referee will attempt to issue a decision on the supersedeas by _____ (i.e. 67 days after final court approval of the *Baksalary* Consent Decree). However, if no such decision is rendered by that date, the payment of compensation benefits must be resumed prospectively unless the referee finds in writing that the delay in issuing a decision was attributable to acts or omissions of the claimant or claimant's counsel of record.

9. If you have any questions concerning this notice, you may call the Bureau's toll-free number (800) 482-2383.

---

NOTICE: If you want a continuance (postponement), return the last page of this form to the above-named Referee at the following address:

NOTE: Any request for a continuance shall be made to the Referee promptly upon receipt of this notice, but not less than five (5) business days prior to the hearing date. If the claimant requests a continuance which results in a hearing after _____, benefits will not be reinstated until the Referee's decision on the supersedeas. If the defendant requests a continuance which results in a hearing after _____, the defendant must reinstate benefits pending the Referee's supersedeas decision.

_____ S.S. # _____

_____ Referee _____
Address

_____
 vs.

_____
Defendant's Name

Address _____

_____

I hereby request a continuance of the above-scheduled hearing.

_____
SIGNATURE

EXHIBIT D

DEPARTMENT OF LABOR
AND INDUSTRY

BUREAU OF WORKERS'
COMPENSATION

_____ _____
Claimant Date

_____

Dear _____ :

The Clerk for the United States District Court for the Eastern District of Pennsylvania recently sent you a notice advising that you may be affected by the Proposed Consent Decree in *Richard Baksalary, et al. v. Smith, et al.,* (C.A. No. 76–429). That case dealt with the suspension of benefits by an employer/insurer pending a final hearing on the merits of the case.

A claimant is entitled to a Special Supersedeas Hearing if weekly benefits have been automatically stopped based upon a Petition to Terminate, Modify or Suspend benefits and no decision has yet been issued by a Referee on the merits of the Petition. If the hearings are closed, however, you are not entitled to a Special Supersedeas Hearing.

Our review of the Bureau's records discloses that your benefits were not automatically stopped in this manner and accordingly we do not plan to schedule a Special Supersedeas Hearing in your case. If you believe that this is incorrect, please notify the Bureau *in writing* within thirty (30) days of this notice.

Please call my project representative Mr. Greg Eader at 1–800–482–2383 if you have any questions.

Very truly yours,
JAN C. SMITH
Director

EXHIBIT "E"

## IDENTIFICATION OF CLAIMANT SUBJECT TO AN AUTOMATIC SUPERSEDEAS AS A RESULT OF A TERMINATION PETITION FILED ON OR AFTER FEBRUARY 2, 1984

(TO BE COMPLETED BY EACH INDIVIDUAL INSURANCE CARRIER AND SELF-IN-SURED EMPLOYER WITHIN THIRTY (30) DAYS AFTER THE NOTICE OF THE PRO-POSED CLASS ACTION SETTLEMENT)

A separate form is to be completed for each claimant, according to your records, against whom your company took an automatic supersedeas of benefits as a result of a termination petition filed on or after February 2, 1984 and for whom a referee's decision on the merits of the termination petition has not yet been rendered.

SELF-INSURED OR INSURANCE CARRIER NAME _____

SELF-INSURED OR INSURANCE CARRIER ADDRESS _____

NAME OF CLAIMANT: _____ If claimant is represented by counsel:

ADDRESS OF CLAIMANT: _____ _____

COUNSEL'S NAME (If Known)

_____

COUNSEL'S ADDRESS (If Known)

S.S. NO. OF CLAIMANT _____

DATE OF TERMINATION PETITION FILED _____

PHYSICIAN'S AFFIDAVIT OF RECOVERY ATTACHED? Yes___ No___

ALLEGATION OF RETURN TO WORK AT PRE-INJURY OR GREATER

WAGES? Yes___ No___

OTHER (Give Details) _____

WEEKLY COMPENSATION RATE $ _____

WERE BENEFITS TERMINATED? Yes___ No___

IF YES, THE DATE TO WHICH WEEKLY BENEFITS WERE PAID? _____

WERE BENEFITS RESUMED AND REINSTATED RETROACTIVE TO THE DATE OF TERMINATION?

Yes___ No___

IF YES, THE DATE REINSTATEMENT WAS SENT TO CLAIMANT? _____

I HEREBY CERTIFY, BASED UPON OUR REVIEW OF ALL INFORMATION AVAILABLE THIS DATE, THAT THE FACTS AND FIGURES SET FORTH IN THIS REPORT ARE TRUE AND CORRECT.

DATE _____ _____

SIGNATURE

_____

TITLE

IMPORTANT:

1. EACH AFFECTED CLAIMANT MUST BE IDENTIFIED.

2. PLEASE MAKE ENOUGH COPIES OF THIS BLANK FORM AS IS NECESSARY TO IDENTIFY ALL AFFECTED CLAIMANTS.

3. COPIES OF THESE FORMS MUST BE FILED WITHIN THIRTY (30) DAYS OF MAY 24, 1984 (NOTICE OF PROPOSED CLASS ACTION SETTLEMENT) TO:

 A. Jan Smith, Director
 Bureau of Workers' Compensation
 3607 Derry Street
 Harrisburg, Pennsylvania 17111

 B. Harold I. Goodman, Esquire
 Community Legal Services, Inc.
 Sylvania House
 Juniper and Locust Streets
 Philadelphia, Pennsylvania 19107

EXHIBIT "F"

<u>SPECIAL SUPERSEDEAS HEARING COMPLIANCE REPORT</u>

(A SEPARATE REPORT MUST BE COMPLETED FOR EACH SPECIAL SUPERSEDEAS DECISION PURSUANT TO THE CONSENT DECREE)

<u>CLAIMANT DATA</u>

NAME OF CLAIMANT _____

If claimant is represented by counsel:

ADDRESS OF CLAIMANT _____

_____
COUNSEL'S NAME (If Known)

_____
COUNSEL'S ADDRESS
(If Known)

S.S. NO. OF CLAIMANT _____ _____

<u>INSURANCE CARRIER DATA</u>

IS EMPLOYER SELF INSURED? Yes___ No___

NAME OF INSURANCE CARRIER _____

ADDRESS OF INSURANCE CARRIER _____

<u>IF SELF INSURED</u>

NAME OF EMPLOYER _____

ADDRESS OF EMPLOYER _____

<u>TERMINATION PETITION DATA</u>

DATE OF PETITION ORIGINALLY FILED _____

AS ORIGINALLY FILED, DID TERMINATION PETITION INVOKE AN AUTOMATIC SUPERSEDEAS OF BENEFITS?

 Yes___ No___

IF YES, DATE TO WHICH BENEFITS PAID _____

DATE OF SPECIAL SUPERSEDEAS HEARING _____

NAME OF REFEREE _____

DATE OF DECISION ON SUPERSEDEAS _____

WAS THE SUPERSEDEAS GRANTED? Yes___ No___

WAS THE SUPERSEDEAS DENIED? Yes___ No___

IF THE SUPERSEDEAS WAS DENIED, DATE(S) BENEFITS REINSTATED _____

WEEKLY COMPENSATION RATE $_____

TOTAL AMOUNT OF COMPENSATION PAID AS RESULT OF REFEREE'S DECISION $_____

TOTAL AMOUNT OF MEDICAL EXPENSE PAID AS A RESULT OF THIS DECISION $_____

AMOUNT OF INTEREST PAID TO CLAIMANT $_____

IF BENEFITS WERE NOT PAID, EXPLAIN WHY NOT _____

I HEREBY CERTIFY, BASED UPON OUR REVIEW OF ALL INFORMATION AVAILABLE THIS DATE, THAT THE FACTS AND FIGURES SET FORTH IN THIS REPORT ARE TRUE AND CORRECT.

DATE _____ _____
SIGNATURE

_____
TITLE

<u>IMPORTANT</u>

1. ALL QUESTIONS MUST BE ANSWERED.

2. COPIES OF THIS REPORT MUST BE MAILED WITHIN THIRTY (30) DAYS OF THE REFEREE'S ORDER TO:

 A. Jan Smith, Director
 Bureau of Workers' Compensation
 3607 Derry Street
 Harrisburg, Pennsylvania 17111

 B. Harold I. Goodman, Esquire
 Community Legal Services, Inc.
 Sylvania House
 Juniper and Locust Streets
 Philadelphia, Pennsylvania 19107

■■■■■■■■■■■■

■■■■■■■■■

EXHIBIT "G"

CERTIFICATION OF RESUMPTION OF BENEFITS

(A SEPARATE REPORT MUST BE COMPLETED FOR EACH CLAIMANT WHOSE BENE-FITS WERE PROSPECTIVELY RESUMED UNDER THE PROVISIONS OF PARAGRAPHS 14 and 19 OF THE CONSENT DECREE)

SELF INSURED DATA

NAME OF SELF-INSURED _____

ADDRESS OF SELF-INSURED _____

_____

INSURANCE CARRIER DATA

NAME OF INSURANCE CARRIER _____

ADDRESS OF INSURANCE CARRIER _____

_____

CLAIMANT DATA

NAME OF CLAIMANT _____ If claimant is represented by counsel:

ADDRESS OF CLAIMANT _____ _____
 COUNSEL'S NAME (If Known)

_____ _____

 COUNSEL'S ADDRESS
 (If Known)
S.S. NO. OF CLAIMANT _____ _____

SPECIAL SUPERSEDEAS HEARING DATA

DATE TERMINATION PETITION FILED _____

NAME OF REFEREE _____

DATE OF SUPERSEDEAS HEARING _____

HAVE SIXTY-SEVEN (67) DAYS ELAPSED SINCE THE COURT'S FINAL APPROVAL OF THE CONSENT DECREE WITHOUT A SUPERSEDEAS DECISION?
 Yes___ No___

 IF YES, DATE BENEFITS WERE RESUMED _____

WEEKLY COMPENSATION RATE $_____

RATE OF WEEKLY COMPENSATION RESUMED $_____

IS THE PAYMENT OF BENEFITS CONTINUING Yes___ No___

 IF NO, EXPLAIN WHY NOT _____

_____

IMPORTANT:

1. EACH AFFECTED CLAIMANT MUST BE IDENTIFIED.

2. PLEASE MAKE ENOUGH COPIES OF THIS BLANK FORM AS IS NECESSARY TO IDENTIFY ALL AFFECTED CLAIMANTS.

3. COPIES OF THIS REPORT MUST BE MAILED WITHIN THIRTY (30) DAYS OF THE EXPIRATION OF THE APPLICABLE 67 DAYS TO:

 A. Jan Smith, Director
 Bureau of Workers' Compensation
 3607 Derry Street
 Harrisburg, Pennsylvania 17111

 B. Harold I. Goodman, Esquire
 Community Legal Services, Inc.
 Sylvania House
 Juniper and Locust Streets
 Philadelphia, Pennsylvania 19107

## EXHIBIT H

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO: INDIVIDUALS WHO PRESENTLY HAVE OR MAY HAVE HAD THEIR BENEFITS TERMINATED UNDER THE AUTOMATIC SUPERSEDEAS PROVISION OF SECTION 413(a) OF THE PENNSYLVANIA WORKMEN'S COMPENSATION ACT

This Notice is being sent to you as a potential member of the plaintiff class in the above-captioned lawsuit. The purpose of the Notice is to advise you of a proposed settlement, called a Consent Decree, that has been reached among the named parties and which, if approved by the United States District Court for the Eastern District of Pennsylvania, may affect your right to receive benefits under the provisions of The Pennsylvania Workmen's Compensation Act.

This Notice is solely intended as an explanation of the proposed settlement and your right to comment upon it. It is not intended as an expression of any opinion of the Court. The Consent Decree itself is the operative and binding legal document expressing the agreement reached by the parties. Therefore, please read the proposed Consent Decree carefully in order to understand its terms and how they may affect you.

The proposed Consent Decree will not be approved by the Court unless it is satisfied, after considering the comments of class members, that the settlement is fair, reasonable and adequate. If the proposed Consent Decree is finally approved by the Court, all class members will be bound by the resulting judgment.

### I. SETTLEMENT PROCEDURE

Any class member desiring to comment on the proposed settlement *must* file a *written statement* with the Clerk of Court clearly and concisely stating his or her views. The statement may be submitted by mail or in person, but *must* be received on or before June 13, 1984. Any written statement should be addressed as follows:

Michael E. Kunz
Clerk of the United States District Court for the Eastern District of Pennsylvania
Room 2609 United States Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106
CASE OF: Baksalary, et al. v. Smith, et al. C.A. No. 76–429

*If you do not oppose the settlement, you do not have to take any further action.*

A hearing will be held on June 18, 1984 before United States Circuit Court Judge Arlin M. Adams and United States District Court Judges Louis H. Pollak and Clifford Scott Green to consider whether the proposed settlement is fair, reasonable and adequate. The hearing will start at 8:45 a.m. and will be held in courtroom 13–B of the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania. Only persons who have filed a timely, written statement will be permitted to express their views at the hearing.

Once the Court has decided whether to approve the proposed settlement, you will be notified again and advised of its ruling.

### II. HISTORY OF THE LITIGATION

The lawsuit was filed in 1976 and claimed that the termination of workers' compensation benefits by insurance carriers and self-insured employers under the automatic supersedeas provision of section 413(a) of The Pennsylvania Workmen's Compensation Act was unconstitutional. In 1978 the Court entered an order under Rule 23(b)(2) of the Federal Rules of Civil Procedure certifying the case as both a plaintiffs' and defendants' class action. The plaintiffs' class was defined to include all persons whose benefits had been terminated, or in the future would be terminated, under section 413(a)'s automatic supersedeas procedure. The defendants' class was defined to include all insurance carriers and self-insured employers who had invoked, or in the future would invoke, the automatic supersedeas provision of section 413(a).

The case was heard by a special three-judge federal court sitting in Philadelphia. Its opinion on the merits was rendered on February 1, 1984. It ruled that the automatic supersedeas procedure of section 413(a) deprived workers' compensation recipients of their property in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and contrary to the Civil Rights Act of 1871, 42 U.S.C. § 1983. On March 15, 1984 the Court issued a declaratory judgment implementing its opinion. The remaining remedial issues were reserved for oral argument which was subsequently scheduled for April 3, 1984.

Prior to the oral argument, the parties, through their counsel, engaged in discussions aimed at amicably resolving the remaining issues in the case. Those discussions were productive and resulted in the proposed settlement set forth in the accompanying proposed Consent Decree. On May 14, 1984, upon motion of the named parties, the Court entered an order conditionally approving the settlement and directing the transmission of the proposed Consent Decree and this Notice to all plaintiff class members whose benefits may presently be cut off under section 413(a)'s automatic supersedeas procedure and who have yet to be issued a decision by a referee on the merits of the underlying termination petition. A separate Notice and a copy of the Consent Decree were also ordered to be sent to each insurance carrier and self-insured employer authorized to conduct business in the Commonwealth of Pennsylvania.

## III. SUMMARY OF THE TERMS OF THE PROPOSED SETTLEMENT

The principal features of the proposed Consent Decree include:

A. A prospective injunction prohibiting insurance carriers and self-insured employers from terminating any benefits under the automatic supersedeas provision of section 413(a) now and in the future. Thus, in future cases, not subject to this proposed Consent Decree, compensation benefits must continue to be paid pending either a decision by a referee on the merits of the termination petition, or the granting of a supersedeas after notice and hearing under the "request for supersedeas" provision of section 413;

B. Within sixty (60) days of the Court's final order approving the Consent Decree, the Bureau will schedule Special Supersedeas Hearings with respect to each claimant whose benefits were terminated under the automatic supersedeas provision of section 413(a) as a result of a termination petition based upon a physician's affidavit of recovery filed by an insurance carrier or self-insured employer *before* February 2, 1984 (*except* for cases in which the evidentiary record is already closed);

C. With regard to termination petitions based upon an allegation that the claimant has returned to work at earnings equal to or greater than the claimant's pre-injury earnings, Special Supersedeas Hearings shall only be scheduled when the claimant timely returns a questionnaire indicating that he or she has not continuously been receiving such wages or that there are compensable medical bills which remain unpaid (*except* for cases in which the evidentiary record is already closed).

D. If the referee assigned to the above-described hearing denies the request for supersedeas, benefits will be resumed in whole or in part, retroactive to the date of prior termination, in accordance with the referee's decision;

E. If no decision is issued on the supersedeas by the referee within sixty-seven (67) days of the Court's final order approving the Consent Decree, benefits will be resumed prospectively and paid at least until such time as a decision is rendered on the supersedeas, unless the acts or omissions of claimant or claimant's counsel prevents the referee from mak-

ing the decision within that period, except for alleged return to work cases set forth in paragraph C above in which a questionnaire is not timely received;

F. If the supersedeas is denied, interest will be paid on all past due benefits in accordance with section 406.1 of the Pennsylvania Workmen's Compensation Act;

G. The referee's decision on the supersedeas will be interlocutory and not appealable;

H. Claimants who have had their benefits terminated under the automatic supersedeas provision of section 413(a) as a result of termination petitions filed by an insurance carrier or self-insured employer *after* February 1, 1984 shall have their claims for relief—including the possible restoration of all past due benefits— decided by the Court, and not under the Consent Decree;

I. Plaintiffs' counsel will monitor compliance with the Consent Decree; to this end, the Bureau of Workers' Compensation will be providing plaintiffs' counsel with copies of all supersedeas hearing notices and decisions; in addition, each insurance carrier and self-insured employer will be submitting to plaintiffs' counsel and the Bureau a compliance report verifying its payment of benefits to each claimant eligible for resumption or reinstatement of benefits from it;

J. Plaintiffs' counsel will be receiving a reasonable award of attorneys' fees for the services they provided and the expenses they incurred, the amount to be paid proportionately by the named and class defendant insurance carriers, self-insured employers, and the State Workmen's Insurance Fund.

## CONCLUSION

If you have any questions about this Notice or the proposed Consent Decree, you should consult with your own attorney or other representative, or the Bureau of Workers' Compensation. The Bureau's toll-free number is (800) 482–2383. In addition, if you do not have your own attorney, you may contact counsel for plaintiffs: Harold I. Goodman, Esquire, Community Legal Services, Inc., Sylvania House, Juniper and Locust Streets, Philadelphia, Pennsylvania 19107—(215) 893–5354.

Please do not contact any member of the Court directly. And remember, if you do intend to file a written statement with respect to the proposed settlement, it must be received by this office by June 13, 1984.

MICHAEL E. KUNZ
Clerk of the United States
District Court for the Eastern
District of Pennsylvania

DATED: May 24, 1984

## EXHIBIT J

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO: ALL INSURANCE CARRIERS AND SELF–INSURED EMPLOYERS COVERED BY THE PROVISIONS OF THE PENNSYLVANIA WORKMEN'S COMPENSATION ACT

This Notice is being sent to you since you are one of the members of the defendants' class in the above-captioned litigation. The purpose of the Notice is to advise you of a proposed settlement, called a Consent Decree, that has been reached among the named parties and which, if approved by the United States District Court for the Eastern District of Pennsylvania, would impose certain obligations on your organization with respect to pending and future termination petitions filed by you under the automatic supersedeas provision of section 413(a) of The Pennsylvania Workmen's Compensation Act.

This Notice is solely intended as an explanation of the proposed settlement and your right to comment upon it. It is not intended as an expression of any opinion of the Court. The Consent Decree itself is the operative and binding legal document expressing the agreement reached by the

parties. Therefore, please read the proposed Consent Decree carefully in order to understand its terms and how they may affect you.

The proposed Consent Decree will not be approved by the Court unless it is satisfied, after considering the comments of class members, that the settlement is fair, reasonable and adequate. If the proposed Consent Decree is finally approved by the Court, all class members will be bound by the resulting judgment.

## I. SETTLEMENT PROCEDURE

Any class member desiring to comment on the proposed settlement *must* file a *written statement* with the Clerk of Court clearly and concisely stating its views. The statement may be submitted by mail or in person, but *must* be received on or before June 13, 1984. Any written statement should be addressed as follows:

Michael E. Kunz

Clerk of the United States District Court for the Eastern District of Pennsylvania

Room 2609 United States Courthouse

601 Market Street

Philadelphia, Pennsylvania 19106

CASE OF: Baksalary, et al. v. Smith, et al. C.A. No. 76–429

*If you do not oppose the settlement, you do not have to take any further action as to the settlement itself. However, you must nevertheless comply with the reporting requirements set forth in the Proposed Consent Decree by completing and returning Exhibits "B" and "E" attached hereto within thirty days after the date of this notice.*

A hearing will be held on June 18, 1984 before United States Circuit Court Judge Arlin M. Adams and United States District Court Judges Louis H. Pollak and Clifford Scott Green to consider, (1) whether the proposed settlement is fair, reasonable and adequate and, (2) the unresolved issue set forth in II. below. The hearing will start at ___8:45___ a.m. and will be held in courtroom 13–B of the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania. Only persons or companies who have filed a timely, written statement will be permitted to express their views at the hearing.

## II. THE UNSETTLED ISSUE

At the hearing on June 18, 1984 the Court will also consider the issue of the appropriate relief to be afforded those persons whose workers' compensation benefits were automatically terminated upon the filing of a petition after February 1, 1984, since this issue remains unsettled pursuant to paragraph 3 of the proposed Consent Decree.

Plaintiffs have urged that the Court order immediate reinstatement of all withheld benefits without any Special Supersedeas Hearings. The named and intervening insurance carrier (including S.W.I.F.) and self-insured defendants have refused to agree to this request. However, these defendants either did not invoke the automatic supersedeas provision of Section 413(a) of the Act after February 1, 1984 or have reinstated benefits to any claimants whose benefits were automatically terminated. In view of the foregoing facts, the named and intervening insurance carrier (including S.W.I.F.) and self insured defendants have not proposed to settle this issue for the balance of the defendant class *and will not be representing your interests on this unsettled issue.*

Accordingly, if you have terminated benefits based upon a petition filed in accordance with the automatic supersedeas provision of Section 413(a) of the Act (declared unconstitutional in this litigation) after February 1, 1984, and you wish to object to the plaintiffs' request for immediate reinstatement, you *must* file a written objection on this issue by mail or in person with the Clerk of Court, addressed as set forth in I. SETTLEMENT PROCEDURE above, which must be received by his office on or before June 13, 1984. Only persons or companies who have filed a timely written objection will be permitted to express their views on this unsettled issue at the hearing.

Once the Court has decided whether to approve the proposed settlement, and decided the unresolved issue regarding post February 1, 1984 automatic terminations, you will be notified again and advised of its ruling.

## III. HISTORY OF THE LITIGATION

The lawsuit was filed in 1976 and claimed that the termination of workers' compensation benefits by insurance carriers and self-insured employers under the automatic supersedeas provision of section 413(a) of The Pennsylvania Workmen's Compensation Act was unconstitutional. In 1978 the Court entered an order under Rule 23(b)(2) of the Federal Rules of Civil Procedure certifying the case as both a plaintiffs' and defendants' class action. The plaintiffs' class was defined to include all persons whose benefits had been terminated, or in the future would be terminated, under section 413(a)'s automatic supersedeas procedure. The defendants' class was defined to include all insurance carriers and self-insured employers who had invoked, or in the future would invoke, the automatic supersedeas provision of section 413(a).

The case was heard by a special three-judge federal court sitting in Philadelphia. Its opinion on the merits was rendered on February 1, 1984. It ruled that the automatic supersedeas procedure of section 413(a) deprived workers' compensation recipients of their property in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and contrary to the Civil Rights Act of 1871, 42 U.S.C. § 1983. On March 15, 1984 the Court issued a declaratory judgment implementing its opinion. The remaining remedial issues were reserved for oral argument which was subsequently scheduled for April 3, 1984.

Prior to the oral argument, the parties, through their counsel, engaged in discussions aimed at amicably resolving the remaining issues in the case. Those discussions were productive and resulted in the proposed settlement set forth in the accompanying proposed Consent Decree. On May 14, 1984, upon motion of the named parties, the Court entered an order conditionally approving the settlement and directing the transmission of the proposed Consent Decree and this Notice to all insurance carriers and self-insured employers that have invoked, or in the future may invoke, the automatic supersedeas provision of section 413(a). A separate Notice and a copy of the Consent Decree were also ordered to be sent to all claimants believed by the parties to be current members of the plaintiffs' class.

## IV. SUMMARY OF THE TERMS OF THE PROPOSED SETTLEMENT

The principal features of the proposed Consent Decree include:

A. A prospective injunction prohibiting insurance carriers and self-insured employers from terminating any benefits under the automatic supersedeas provision of section 413(a) now and in the future. Thus in future cases, not subject to this consent decree, compensation benefits must continue to be paid pending either a decision by a referee on the merits of the termination petition, or the granting of a supersedeas after notice and hearing under the "request for supersedeas" provision of section 413;

B. BY JUNE 25, 1984 (I.E. THIRTY DAYS AFTER THE NOTICE OF THE PROPOSED CLASS ACTION SETTLEMENT), EACH INSURANCE CARRIER AND SELF-INSURED EMPLOYER MUST IDENTIFY EACH CLAIMANT WHOSE BENEFITS IT TERMINATED BEFORE FEBRUARY 2, 1984 UNDER THE AUTOMATIC SUPERSEDEAS PROVISION OF SECTION 413(a); FORMS IDENTIFYING ALL SUCH CLAIMANTS MUST BE PROVIDED TO THE BUREAU AND TO PLAINTIFFS' COUNSEL. (EXHIBIT "B");

C. BY JUNE 25, 1984, (I.E. THIRTY DAYS AFTER THE NOTICE OF THE PROPOSED CLASS ACTION SETTLEMENT), EACH INSUR-

ANCE CARRIER AND SELF–IN-SURED EMPLOYER MUST IDENTIFY EACH CLAIMANT WHOSE BENEFITS IT TERMINATED ON OR AFTER FEBRUARY 2, 1984 UNDER THE AUTOMATIC SUPERSEDEAS PROVISION OF SECTION 413(a); FORMS IDENTIFYING ALL SUCH CLAIMANTS MUST BE PROVIDED TO THE BUREAU AND TO PLAINTIFFS' COUNSEL. (EXHIBIT "E");

D. Within sixty (60) days of the Court's final order approving the Consent Decree, the Bureau will schedule Special Supersedeas Hearings with respect to each claimant whose benefits were terminated under the automatic supersedeas provision of section 413(a) as a result of a termination petition based upon a physician's affidavit of recovery filed by an insurance carrier or self-insured employer *before* February 2, 1984 (*except* for cases in which the evidentiary record is already closed);

E. With regard to termination petitions based upon an allegation that the claimant has returned to work at earnings equal to or greater than the claimant's pre-injury earnings, Special Supersedeas Hearings shall only be scheduled when the claimant timely returns a questionnaire indicating that he or she has not continuously been receiving such wages or that there are compensable medical bills which remain unpaid (*except* for cases in which the evidentiary record is already closed).

F. The Special Supersedeas Hearings described above will be conducted in accordance with the provisions of the Special Rules of Administrative Practice and Procedure before Referees set forth at 35 Pa.Code § 131.31–131.33;

G. If the referee assigned to the above-described hearing denies the request for supersedeas, benefits must be resumed in whole or in part and paid retroactively in accordance with the referee's decision;

H. If no decision is issued on the supersedeas by the referee within sixty-seven (67) days of the Court's final order approving the Consent Decree, benefits will be resumed prospectively and paid at least until such time as a decision is rendered on the supersedeas unless the acts or omissions of claimant or claimant's counsel prevents the referee from making the decision within that period, except for alleged return to work cases set forth in paragraph C above in which a questionnaire is not timely received; no legal actions of any nature may be instituted against the Commonwealth if a decision is not rendered within 67 days if this is due to circumstances beyond the Commonwealth's control;

I. If the supersedeas is denied, interest will be payable on all past due benefits in accordance with section 406.1 of the Pennsylvania Workmen's Compensation Act;

J. The referee's decision on the supersedeas will be interlocutory and not appealable;

K. Claimants who have had their benefits terminated under the automatic supersedeas provision of section 413(a) as a result of termination petitions filed by an insurance carrier or self-insured employer *after* February 1, 1984 shall have their claims for relief—including the possible restoration of all past due benefits—decided by the Court, and not under the Consent Decree;

L. Plaintiffs' counsel will monitor compliance with the Consent Decree; to this end, the Bureau of Workers' Compensation will be providing plaintiffs' counsel with copies of all supersedeas hearing notices and decisions; in addition, each insurance carrier and self-insured employer will be submitting to plaintiffs' counsel and the Bureau a compliance report verifying its payment of benefits to each claimant eligible for re-

sumption or reinstatement of benefits from it;

M. Each insurance carrier and self-insured employer and the State Workmen's Insurance Fund will be responsible for payment of a share of a reasonable attorneys fee to be paid to plaintiffs' counsel as required by statute, as a result of the services they provided and costs they incurred in the litigation; each share will be determined and assessed by the Bureau based upon the same proportion your company paid as its Administrative Assessment in 1983; payment of your share of the plaintiffs' counsel fees and costs will be due within thirty (30) days of the Bureau's Notice of Assessment.

### CONCLUSION

If you have any questions about this Notice or the proposed Consent Decree, you should consult with your own attorney or other representative, or the Bureau of Workers' Compensation. The Bureau's toll-free number is (800) 482–2383.

Please do not contact any member of the Court directly. And remember, if you do intend to file a written statement with respect to the proposed settlement, it must be received in this office by June 13, 1984.

MICHAEL E. KUNZ
Clerk for the United States
District Court for the Eastern
District of Pennsylvania

DATED: May 24, 1984