**Richard J. BAKSALARY, et al.**

v.

**Paul J. SMITH, et al.**

**In re Paul L. SABATINE**

v.

**CITY OF ERIE and Bureau of Workers' Compensation.**

**Civ. A. No. 76–429.**

United States District Court, E.D. Pennsylvania.

Aug. 10, 1988.

Harold Goodman, Philadelphia, Pa., for plaintiffs.

Michael Fetzner, Erie, Pa., for City of Erie.

Carl Vaccaro, Philadelphia, Pa., for Bureau of Worker's Compensation.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff, Paul Sabatine, alleges that defendant, Erie, failed to provide him with a *Baksalary* special supersedeas hearing in accordance with the *Baksalary* Consent Decree (approved in *Baksalary v. Smith*, 591 F.Supp. 1279 (E.D.Pa.1984)). The Consent Decree requires class defendants to provide special supersedeas hearings for class plaintiffs whose workers' compensation benefits were terminated pursuant to the automatic supersedeas provision of § 413(a) of the Pennsylvania Workers' Compensation Act. The three-judge panel assigned to the matter referred the case to Magistrate Hall to conduct an evidentiary hearing and to make binding factual findings relating to the plaintiff's motion to hold Erie in contempt.[1] After Magistrate Hall issued his findings, the parties presented oral argument.

### Summary of Magistrate Hall's Findings

The plaintiff sustained job-related injuries on May 19, 1982, while employed by Erie. He has not returned to work since that time. Following his injury, his workers' compensation benefits were terminated pursuant to the automatic supersedeas provision of the Pennsylvania Workers' Compensation Act. After that provision was found to be unconstitutional, the parties fashioned, and this court approved, a Consent Decree requiring class defendants to provide certain class plaintiffs with special supersedeas hearings to determine whether those plaintiffs' benefits should be reinstated pending a final resolution of the merits of their claims. Mr. Sabatine is a member of the plaintiff class upon whom the Consent Decree confers the right to a special supersedeas hearing; Erie is a member of the defendant class upon whom the Consent Decree imposes the obligation to provide for such a hearing.

The plaintiff's special supersedeas hearing was scheduled to be held on August 24, 1984. The notice of the hearing indicated, among other things, that Erie bore the burden of proving that a supersedeas should be granted, and that both the plaintiff and the defendant had the right to submit testimony, reports, records, and any other relevant materials in support of their positions. The notice also stated that any party wishing to submit evidence must be prepared to submit the evidence at the hearing. There is no transcript of the hearing. Those in attendance included Referee Pastewka, Mr. Sabatine, Mr. Rubenfield (for Sabatine), Mr. Kinter (for Erie), and Ms. Baxter, Referee Pastewka's court stenographer.

### Discussion

The central issue in this contempt motion concerns the parameters of Erie's obli-

---

**1.** By an Order dated April 1, 1988, the three-judge panel ruled that this motion is properly before a single judge.

gations under the Consent Decree. The decree describes in detail the rights of the plaintiff class without specifying whether the corresponding obligations fall on the Bureau of Workers' Compensation, employers, or both. The question before the court is whether Erie's failure to ensure that the Bureau of Workers' Compensation conducted the supersedeas hearings fairly constitutes a violation of the Consent Decree by Erie. The gravamen of the plaintiff's contempt motion is that Erie violated the spirit of the Consent Decree by acquiescing in, if not contributing to, the Referee's abuse of process.

The plaintiff argues that Erie's failure to introduce any evidence in support of its petition for termination of benefits violated the Consent Decree. The plaintiff bases his claim on the enumerated right in the Consent Decree to have a full and fair special supersedeas hearing prior to the termination of benefits. In essence, the plaintiff claims that the Consent Decree's guarantee of the *right* to a special supersedeas hearing entails an obligation on the part of the defendant to ensure that the request for a supersedeas is well-grounded. Under this interpretation, an employer violates the Consent Decree if it unjustly seeks termination of benefits and the referee approves the termination.

Erie maintains that it offered sufficient evidence to support its supersedeas request. According to Erie, deposition testimony of Dr. John Lubahn was entered into the record prior to the hearing. This evidence, Erie claims, provided the basis for the defendant's petition to terminate the plaintiff's benefits.[2] The plaintiff, relying on the requirement that a party must submit evidence at the hearing, argues that Dr. Lubahn's deposition could not have been in evidence unless Erie formally introduced it at the hearing.[3] Erie counters that the Consent Decree provides that the Referee may consider testimony of any

party or witness, even if that testimony is not formally introduced as evidence at the supersedeas hearing. *See* Letter of Defense Counsel, March 10, p. 1 (citing Appendix C of Consent Decree).

Plaintiff asserts that the deposition testimony was sent *ex parte* to the Referee and was placed into the case file without notification to plaintiff. Under such circumstances, plaintiff argues, the testimony was not properly before the Referee, even without the requirement that parties must formally introduce all evidence at the hearing.

The plaintiff's second allegation is that Erie withheld from the Referee evidence supporting the plaintiff's case, including a report written by Dr. Lubahn indicating that the plaintiff could perform only light duty work, and several reports written by plaintiff's subsequent physician, Dr. Chester Battersby, indicting, among other things, that the plaintiff was unable to work for an indefinite time. Erie responds that the terms of the decree provide for *adversarial* supersedeas hearings, and therefore the plaintiff, and not the defendant, had the obligation to present any evidence in support of the plaintiff's position. Moreover, Erie asserts without contradiction by plaintiff that the plaintiff had access to all evidence favorable to the plaintiff's case. According to Erie, the plaintiff's charge that Erie "concealed" favorable evidence is unwarranted, given the fact that Erie possessed no information unavailable to the plaintiff.

There is little doubt from the record before the court that the Referee's supersedeas hearing did not conform to the requirements set forth in the Consent Decree. The Referee misrepresented that he would schedule another hearing at which plaintiff could present his case, and subsequently entered his determination against plaintiff without ever considering plaintiffs evidence. In addition, the plaintiff did not have an opportunity to respond

---

**2.** Dr. Lubahn, a board-certified orthopedic surgeon, treated Mr. Sabatine for several months following his injury. On April 14, 1983 the City of Erie took the deposition of Dr. Lubahn. The defendant later sent a transcript of the deposition to the Referee.

**3.** Magistrate Hall found that "Erie did not introduce any evidence [at the hearing] to meet its burden of proving that a supersedeas should be granted." ¶ 53.

to the defendant's deposition testimony of Dr. Lubahn because the Referee and the defendant did not give the plaintiff notice that such testimony was on the record. In sum, although the defendant did not meet its burden of proving that a supersedeas should be granted, the referee erroneously granted it.

Nonetheless, Erie's conduct in this case cannot be regarded as contumacious because Erie proceeded in good faith in its effort to secure a supersedeas against the plaintiff. The plaintiff urges that this court may not consider Erie's alleged "good faith" in deciding whether to hold Erie in contempt. According to plaintiff, a violation of the Consent Decree is alone sufficient justification for holding a party in contempt. *See* Plaintiffs' Brief in Support of Their Motion for Civil Contempt, at p. 10 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949) ("An act does not cease to be a violation of … a decree merely because it may have been done innocently.")). The authority plaintiff cites in support of this proposition is not relevant to the circumstances here, where the defendant has not violated a *specific* provision of the Consent Decree. In essence, the plaintiff is charging that the defendant's violation *is* its bad faith, as evidenced by its proceeding with the supersedeas hearing without sufficient cause. The plaintiff has not demonstrated that Erie has committed a clear and straightforward violation of the Consent Decree, such as refusing to participate in a special supersedeas hearing prior to terminating benefits. Since the basis for the plaintiff's contempt motion is Erie's alleged "bad faith," Erie must in fairness be allowed to interpose a "good faith" defense.

In reviewing the record and Magistrate Hall's findings of fact, I am not persuaded that Erie proceeded in bad faith. Although Erie did not formally introduce Dr. Lubahn's deposition testimony at the plaintiff's special supersedeas "hearing," Erie followed the "customary method for introducing deposition testimony before Referee Pastewka." Report of Magistrate Hall, ¶ 25. And, despite the fact that the plaintiff's case in opposition to the supersedeas seems superior to the one developed by the defendant, it is not at all clear that Erie's position was groundless. Erie believed, based on Dr. Lubahn's testimony, that the supersedeas should have been granted. Erie should not be penalized for winning a case that it should have lost. The ultimate responsibility for deciding the merits of a supersedeas petition rests with the Bureau.

For similar reasons, the plaintiff's claim that Erie should have presented evidence favorable to the plaintiff at the supersedeas hearing is unwarranted. The record does not reflect any attempt by Erie to prevent the plaintiff from presenting such evidence. The Consent Decree's requirement that an employer proceed to a supersedeas hearing prior to terminating benefits does not embrace the additional requirement to present evidence in the plaintiff's favor at such a hearing.

### Conclusion

In the absence of proof that an employer has attempted to deprive a class member of a *Baksalary* hearing, or has otherwise acted in bad faith, the employer will not be found in contempt of the *Baksalary* Consent Decree. It would be counter to the Consent Decree to hold an employer in contempt where the employer seeks to terminate benefits based on its good faith belief that the claimant is not entitled to such benefits. Finally, employers should not be required to shoulder the burden of presenting a class member's case at a *Baksalary* hearing, especially under circumstances such as here, in which the employer did not withhold or conceal evidence from plaintiff's counsel.

For these reasons, an order will be entered denying the plaintiff's motion to hold Erie in contempt.

### MEMORANDUM/ORDER

Plaintiffs' and defendant Bureau of Workers' Compensation have submitted a Settlement Agreement for the Court's approval. Based on the per curiam Order issued in this litigation on March 17, 1987, I

**246**

do not believe that this agreement is properly before the court. That Order declared that the claims of plaintiffs other than Paul Sabatine were not "sufficiently similar to the issues presented by Mr. Sabatine to make joinder appropriate." To approve a settlement agreement that involves plaintiffs who were found to be outside the scope of Mr. Sabatine's contempt motion seems plainly inconsistent with our prior ruling.

At oral argument, plaintiffs expressed their concern that if the Bureau of Workers' Compensation decided to provide certain plaintiffs with new *Baksalary* hearings, class defendants might refuse to participate, and plaintiffs would have no enforcement mechanism to secure their rights under the consent decree. I am reluctant to put plaintiffs and defendants generally into a posture of permanent dependence on a federal court. Moreover, I believe that approval of this settlement would place no additional obligations of the class defendants beyond the requirement of "good faith" set forth in the Memorandum relating to Mr. Sabatine's contempt motion.

Accordingly, plaintiffs' Motion for Approval of Settlement is DENIED.